GEORGE McCANN

v.

CHARLES MEYER.

1. SALE—DELIVERY.—No sale of personal property, as to third persons, will be effectual to pass the title, unless the actual delivery accompanies the sale, or unless there be some memorandum in writing, acknowledged and recorded in accordance with the provisions of the chattel mortgage act.

2. STATEMENT.—A sewing machine company sold to G. two sewing machines, upon six months credit, and shipped them to his address. G. was

McCann v. Meyer.

indebted to appellee, and while the machines were in the depot, before they had been taken by G. or the freight paid, G. went to the depot and directed them re-shipped to another place in the name of S., who had been authorized by appellee to buy them in satisfaction of G.'s indebtedness, under a previous agreement with G. Immediately after the agreement last named, G. and S. went to the depot where the machines still remained; G. pointed to the machines, and said, "these are the machines," and S. accepted them, but neither touched them. G., as the agent of S., afterwards paid the freight, and the machines were re-shipped as above stated, and on being informed of this, appellee surrendered to G. the note held against him. The machines were levied upon by appellant while in the express office at the place last shipped to. *Held*, that there was no legal delivery of the machines, and they were liable to execution as the property of G.

Appeal from the Circuit Court of Iroquois county; the Hon. Franklin Blades, Judge, presiding. Opinion filed November 1, 1879.

Mr. S. S. Cone and Messrs. Kay & Euans, for appellant; that an execution is a lien from the time of delivery to the constable, cited Rev. Stat. Chap. 77, § 9; Marshall v. Cunningham, 13 Ill. 20.

Execution creditors stand in the light of a purchaser, and are protected as such; Martin v. Dryden, 1 Gilm. 187.

The property must be reduced to actual possession: Lewis v. Swift, 54 Ill. 436; Thompson v. Wilhite, 81 Ill. 356; Tickner v. McClelland, 84 Ill. 471.

There was no legal delivery: Burnell v. Robertson, 5 Gilm. 282; Hodges v. Hurd, 47 Ill. 363.

Lacey, J. This was an action in replevin, by appellee against appellant for two sewing machines. Verdict and judgment for appellee and appeal by appellant.

The cause was submitted to the court below upon an agreed state of facts, as follows:

"It is agreed that the American B. H. O. Sewing Machine Company, were the original owners of said machines mentioned in the papers in this case, and now in controversy. That in December, 1877, said company sold said machines to Barnard Gravelot, of Ashkum, Illinois, upon a credit of six months, and delivered them at the depot of the Illinois Central

Railroad Company, in Chicago, Illinois, to be shipped by said Company to said Gravelot, at Ashkum, Illinois. That said machines arrived at the depot in Ashkum, Illinois, in December, 1877, and remained in the freight room of said depot belonging to said railroad company, and in charge of the company's agent at Ashkum, Illinois, all the time until the 16th day of November, 1878, at which time (November 16th, 1878,) said Barnard Gravelot came to the depot in Ashkum, Illinois, and paid the freight from Chicago to Ashkum, Illinois, on said machines, and had them re-shipped by express, in the name of James R. Smith, of Ashkum, Illinois, to Charles Meyer of Gilman, Illinois. It is agreed that in the spring of 1878, Charles Meyer authorized said James R. Smith to buy the two machines in controversy for him in satisfaction of an indebtedness from said Gravelot to said Meyer. That on the 18th day of September, 1878, said Smith made an agreement with said Gravelot, by which agreement said Gravelot agreed to sell said two machines to said Smith for said Meyer. That immediately after said agreement was made at the residence of said Smith, said Smith and Gravelot went to the railroad depot, in Ashkum, Illinois, and into the freight room of said depot, where said sewing machines were, and Gravelot pointed to the machines and said, ' these are the machines,' and said Smith looked at the machines but did not touch or move them, and said he accepted them. That on the 15th day of October, 1878, the said American B. H. O. Sewing Machine Company obtained a judgment against said Barnard Gravelot, before Isaac Beyea, a justice of the peace at Gilman, in and for said county, for one hundred and nine dollars and fifty-five cents, (109.55) a part of which judgment was for said two machines. That on the 18th day of October, 1878, there was an execution duly issued on said judgment, and delivered to the above named defendant, George McCann, a constable in and for said county to execute."

" That soon after receiving said execution said constable duly served it upon said Gravelot, and that upon the arrival of said machines in Gilman, Illinois, at the express office, on the 16th day of November, 1878, he levied on said machines by virtue

of said execution (as the property of Barnard Gravelot), and took the machines into his possession. That on the 18th day of November, 1878, said Charles Meyer replevied said machines from said constable, McCann, in this action."

"It is agreed that neither James R. Smith, nor Charles touched or moved said machines at any time after the agreement of sale was made between Smith and Gravelot, on the 18th day of September, 1878, and that neither Smith, Gravelot, Meyer or any other person, at any time notified the station agent in charge of said depot at Ashkum of any sale of said machines from Gravelot to Smith or Meyer, and the said railroad company never waived the right, through their agent or otherwise, to require the freight on said machines to be paid before said machines should be removed from said depot."

"It is also agreed, that when said machines arrived at the depot in Ashkum, Ill., in December, A. D. 1877, the freight agent in charge of said depot informed the said Barnard Gravelot that said machines were at the depot, and that said agent set said machines in the freight room in said building, and that Gravelot agreed to pay the freight on said machines, and that it was agreed between said agent and Gravelot that the machines might remain in said room until the said Gravelot should come for them himself, or send a man and team for them."

"It is also agreed, that on the 23d day of October, 1878, James R. Smith was taken sick, and was confined to his room until after said machines were shipped to Charles Meyer at Gilman, Ill., and that during said period he, the said James R. Smith was unable to be out of his room to attend to any kind of business."

"It is also agreed, that on the 19th day of September, A. D. 1878, said Barnard Gravelot was at the office of the said Charles Meyer, in Gilman, Ill., and informed the said Charles Meyer that he, the said Gravelot, had delivered said machines to James R. Smith for him, the said Charles Meyer; that on the 20th or 22nd of September, A. D. 1878, said James R. Smith informed said Meyer by letter that the said Gravelot had delivered said machines to him for the said Meyer."

"That on the 25th day of September, A. D. 1878, said Gravelot was again at the office of the said Charles Meyer in Gilman, Ill., when and where the said Charles Meyer did settle with the said Gravelot and gave him (the said Gravelot) the note which he, the said Charles Meyer, held against the said Barnard Gravelot, in full satisfaction and payment for the said machines."

"That on the 16th day of November, A. D. 1878, said Barnard Gravelot, as the agent of the said James R. Smith and Charles Meyer, and by the direction and at the request of the said James R. Smith, he (the said James R. Smith being then sick and unable to be out of his room) went to the depot of the Illinois Central Railroad at Ashkum, Ill., and paid the freight on said machines for the said James R. Smith and Charles Meyer, and shipped said machines in the name of James R. Smith, to the said Charles Meyer at Gilman, Ill.; and that the said James R. Smith informed the said Charles Meyer by letter that said machines were so shipped, and that said Charles Meyer went to the express office at Gilman, Ill., on or about the 16th day of November, A. D. 1878, for said machines, and was then and there informed by the Express agent that the said George McCann had levied upon and taken said machines away by virtue of an execution, claiming them as the property of the said Barnard Gravelot."

"That the said Charles Meyer then and there demanded the possession of the said machines of said George McCann, and that said George McCann refused to deliver them to the said Charles Meyer. It is further agreed, that this case shall be decided upon its merits, and not upon any technicality whatever, but upon the legal rights of the parties."

"CHARLES MEYER, *Plaintiff*,
"GEORGE McCANN, *Defendant.*"

It will be seen from the foregoing agreement, that the two sewing machines came into the hands of the railroad agent as the property of Gravelot, and were shipped to the latter to Ashkum, Illinois, and there held by him stored away in the depot for Gravelot, when the freight should be paid. The railroad agent was the bailee of the property. Thus the machines remained without any apparent change of possession or

ownership until November 16th, 1878, when Gravelot paid the freight and had the machines shipped by express in the name of Smith, to appellee at Gilman, in the same county.   In the meantime, the execution came to the hands of the appellant, to-wit: Oct. 18th, 1878, prior to the removal of the machines by Gravelot, and was a lien upon the machines unless the sale by Gravelot to appellee through his agent Smith had the effect to change the title as against the execution creditor.   We think the sale did not have that effect.   No sale of personal property as to third persons will be effectual to pass the title, unless actual delivery accompanies the sale, or unless there be some memorandum in writing acknowledged and recorded in accordance with the provisions of the chattel mortgage act.

There was no such delivery as the law required, in this case. No act was done to notify the public that any change of ownership had taken place.   Everything that was done was in a secret manner; no one present but the appellee and Smith. The agent of the railroad and the bailee of the property was not notified.   The freight was not paid.

We think clearly this case comes within the rule laid down in Hodges v. Hurd, 47 Ill. 363, and Burrell v. Robertson, 5 Gilm. 282.

The execution having attached and become a lien before any sufficient delivery of the machines, the finding and judgment of the court below should have been for appellant.

For this error the judgment is reversed and cause remanded.

Reversed and Remanded.