JOHN HODGES

*v.*

DANIEL HURD.

1. SALE—*of goods—when notice will operate to change the possession.* Where property in the hands of a bailee is sold by the owner, and the bailee is notified of such sale, such notice will work a change of possession into the hands of the vendee, and the consent of the bailee is immaterial.

2. So, where the owner of a lot of cotton, in the hands of the surveyor of a port, seized by him, to await an examination in regard to charges for a supposed violation of the treasury regulations, sold the same, and gave his vendee an order on the surveyor for the cotton, and also notified the surveyor of such sale . *Held,* that such action on the part of the vendor passed the possession to his vendee, and his title to the cotton was thereby complete, and he could maintain an action of replevin for the cotton, as against a subsequent attaching creditor of his vendor, whether such bailee had consented or not to the delivery, after the termination of his own right of possession.

APPEAL from the Circuit Court of Alexander county; the Hon. WILLIAM H. GREEN, Judge, presiding.

The facts are sufficiently stated in the opinion.

Messrs. OLNEY & LANSDEN, for the appellant.

Messrs. GREEN & GILBERT, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In October, 1865, the firm of Cheney & Knight, of Cairo, sold to Hurd, the appellee herein, five bales of cotton, then in possession of the surveyor of the port of Cairo, who had seized it to await an examination in regard to charges for a supposed violation of the treasury regulations. They gave Hurd an order on the surveyor for the cotton, and one of the firm went with him to the surveyor and notified the latter of the sale, and that he was to deliver the cotton to Hurd. Before the cotton was actually delivered, one Geary sued out an attachment against Cheney & Knight, by virtue of which, the officer seized the cotton, and Hurd then brought against him this action of replevin, and obtained a judgment, from which the defendant appealed.

It is contended on behalf of appellant, that the delivery to Hurd was not made complete by merely notifying the surveyor of the sale, and directing him to deliver the cotton to the purchaser, and that it could have only been completed, so as to be good against an attaching creditor, by an assent or agreement on the part of the surveyor to hold for Hurd subject to the government charges; and the case of *Burnell* v. *Robertson*, 5 Gilm. 282, is cited as establishing this rule. This question, however, did not arise in that case, and the court merely cites the case of *Whitney* v. *Lynde*, 16 Vermont, 586, as holding that the bailee of the property sold must be notified of the sale, and agree to hold for the vendee. But, turning to the case cited, we find there was not even a notice to the bailee, and it was on that point the case was decided. In the opinion, the court quote the case of *Pierce* v. *Chipman*, 8 Vermont, 334, as settling the rule, and in that case, the court expressly hold that a mere notice to the bailee of the sale, is sufficient to work a change of possession, and his consent is immaterial, as upon notice he becomes keeper for the true owner, by operation of law. The same rule is laid down in *Harman* v. *Anderson*, 2 Campbell, 243, and we have no doubt it is the true rule. It would be unreasonable to allow

the bailee of property to prevent the owner from making a valid sale, by refusing to agree to surrender it to the purchaser after the termination of his own right of possession. The object of requiring a change of possession to accompany a sale of personal property, is to give notice to the public, and when property in the custody of a bailee is sold, this object is as much accomplished by notifying the bailee of the sale and directing him to hold for the purchaser, as it would be by his express promise thus to hold. The fact of sale would be learned by inquiry from the bailee in one case as well as the other. The judgment of the circuit court is affirmed.

*Judgment affirmed.*