GEORGE E. PURINGTON *et al.**

*v.*

JAMES H. AKHURST.

1. MORTGAGE — *or a sale.* Where a bill of sale is made of vessels, absolute on its face for one-half interest therein, it will require evidence of the clearest character to show that it was intended only as a mortgage to secure a loan, or advances.

2. EVIDENCE — *contract not signed.* A contract prepared by a party, though not executed by either party, is entitled to great weight as evidence in showing what was the real contract between them.

3. PRACTICE IN SUPREME COURT — *as to errors assigned.* If a party desires to urge a ground of reversal he should state the same in his opening argument, so as to give the other party a chance to reply. But if it is specially assigned for error, this court cannot disregard it.

---

*This case was submitted at the Sept. Term, 1871, and by inadvertence omitted from its proper place in the reports.

APPEAL from the Superior Court of Cook county.

This was a bill in chancery, filed by George E. Purington and Abner R. Scranton against James H. Akhurst, on the grounds stated in the opinion, where the material and leading facts appear.

Messrs. HOYNE, HORTON & HOYNE, for the appellants.

Messrs. RICH & THOMAS, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In August, 1868, the defendant, Akhurst, was in partnership with one Clary, and the joint owner with him of certain canal boats and two steamers plying on the Illinois river. Their business became embarrassed and their boats were subject to heavy liens for debts. Akhurst opened a negotiation with the complainants, Purington and Scranton, who were partners as ship chandlers, in Chicago, the result of which was that the partnership of Akhurst and Clary was dissolved. The latter executed to Purington and Scranton a bill of sale of his one-half of the boat stock, and they formed a partnership with Akhurst, in the transportation business, and agreed to advance the funds necessary to pay the liens upon the boats. The new partners did not agree, and in October, 1869, although the business had made a profit estimated in the bill at $6,000, the boats, in common with all property of that kind, had greatly depreciated in value, and the complainants filed their bill asking a dissolution of the partnership, a statement of the account, and that Akhurst be decreed to take the vessels and re-imburse to complainants the amount of their advances. This decree is asked upon the ground that the agreement between the parties was, that the money should be advanced by complainants as a loan, to be secured by the transfer of one-half the boat stock; that the business should be prosecuted for one year, and that at the end of that period, if complainants were not satisfied, the

defendant should take back the property and refund the advances of complainants, who were to have one-half the profits for the use of their money.

They claim to have had the option, for a year, to treat the transfer of the boat stock either as an absolute sale or a mortgage, as they might elect, and that they exercised that option within the year by giving notice to the defendant.

The defendant denies this agreement, and asserts that the sale of the boat stock was absolute. Testimony was taken, and the court found the sale absolute, and decreed an account to be taken on this basis. By consent of parties the complainants prosecuted an appeal upon this interlocutory decree.

The oral testimony is that of the two complainants and their clerk on the one side and of the defendant on the other. Other persons testify as to collateral matters, but these are the only witnesses whose testimony is of any importance as to the real question in controversy. The two complainants and their clerk swear positively to the agreement set forth in the bill, and the defendant, with equal positiveness, testifies that the sale was absolute.

The oral testimony preponderates in favor of appellants, but there is certain documentary evidence in the record upon the strength of which we presume the superior court based its finding and which constrains us, though with a good deal of hesitation, to substantially affirm the decree. We refer to the bills of sale, which are absolute in their character, containing nothing to indicate that the property was taken merely as security for a debt, and to the instrument indicated in the record as Exhibit E. This was an agreement of co-partnership drawn by Purington himself, with the approval of Scranton, soon after the new firm began business, and submitted to Akhurst, but for some reason never executed by the parties. The reason why this agreement was not signed is stated by the defendant to have been that after it was read to him and approved it was agreed, as it contained interlineations and erasures, that two

fair copies should be made and signed, each party keeping one. That agreement was as follows:

Articles of Agreement entered into this fifth day of September, A. D. 1868, between James H. Akhurst, Geo. E. Purington and Abner R. Scranton, all of the city of Chicago, and State of Illinois, witnesseth: That the said Akhurst, Purington & Scranton have and by these presents do agree to enter into and prosecute the business, under the name or style of trading and freighting on canal and rivers, by steam and canal boats, and such other business as may be deemed mutually advantageous. And the said Akhurst agrees to contribute to the capital stock the sum of Twenty Thousand dollars ($20,000), and the said Purington & Scranton, agree to contribute to the capital stock the sum of Twenty Thousand dollars ($20,000), making the capital stock Forty Thousand dollars ($40,000); and the said co-partners hereby mutually agree that they will use their best efforts to advance their joint interests, and that they will use the moneys and credits of their said firm, for their mutual profit and for no other purpose. And it is hereby expressly agreed that neither of the said co-partners shall indorse or otherwise become security for any person or firm during the continuance of this agreement. The gains or losses accruing to the business of said co-partners shall be divided equally, one-half to J. H. Akhurst and one-half to Purington & Scranton, and all liabilities of every nature shall be borne in like manner. The foregoing articles of agreement shall be in force for the full term of one year.

It will be observed that this agreement comprises all that is necessary to a complete contract of co-partnership, even providing for such matters of detail as that neither co-partner shall become security for third persons, and yet contains not a syllable in reference to the refunding by the defendant of the money advanced by complainants, though providing for the distribution of the profits. The original instrument was left by complainants in a drawer of their office-desk, and a copy was subsequently taken by the defendant without their knowledge.

It was thus brought out upon the hearing. Some five or six months thereafter another agreement, containing the disputed provision, was prepared by complainants and ᵃᵘᵇᵐitted to defendant, but he refused to sign it.

If the instrument first prepared by complainan. been executed by the parties, it would have been undeniabᵢ, ᵢnclusive against the claim now made by complainants. They would not have been permitted to incorporate into the written articles of co-partnership, by parol evidence, a new stipulation so materially changing their terms. Although this instrument was not executed, and is not therefore an estoppel upon complainants, yet as it was prepared by them on consultation with each other, and as it shows upon its face that it was a completed instrument, with the exception of dates and signatures, we are constrained to give it very great weight as evidence, and to regard it as showing the understanding of the parties, at the time it was drawn, as to the terms of the partnership. In view of this instrument and of the absolute bills of sale, which could only be changed into mortgages by evidence of the clearest character, showing, by collateral facts, that they were designed merely as securities, we cannot say that the court below erred in its decree.

Appellants' counsel, in their printed argument, in reply to that of appellee, suggest a minor error in the finding of the court as to the canal boat "Harry." If appellants desired to urge this as ground for reversal they should have made the point in their opening argument, and thus have given appellee an opportunity to answer. Error, however, was specially assigned upon this part of the decree and we must therefore notice it. The court finds that the complainants have no title, ownership, or interest, whatever, in said boat. We are of opinion the evidence shows an agreement by defendant to procure the execution of a bill of sale for the Harry, by Douglass, a joint owner, and himself, and in the further prosecution of the case and final statement of the account, the complainants should be treated as the equitable owners of one-half the Harry. The

agreement to convey one-half the Harry, one-half the Storm and one-half the Rockward was subsequent to the original arrangement, and was made in consideration of further advances by complainants. The Storm and Rockward have been transferred by proper bills of sale and the Harry should have been.

The decree is reversed in order to be modified as to the canal boat Harry and the cause remanded.

*Decree reversed.*