## WILLIAM E. HUGHES

### v.

### WILLIAM STUBBLEFIELD AND JOSEPH ATOR.

*Chattel Mortgage of Property Held under Distress Warrant, Valid.*

1. A chattel mortgage is valid though at the time of its execution a third person holds the property under the mortgagor, and has or claims to have a special property therein.

2. In the case presented, it is held that a chattel mortgage of property, which was at the time of its execution in the possession of a third person under a distress warrant, is valid.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Mr. H. D. SPENCER, for appellant.

A sale by a party not in possession of personalty will convey a good title to the vendee. Hodges v. Hurd, 47 Ill. 363. A sale may be valid though the thing sold be not in the owner's possession at the time of the sale. Tome v. Dubois, 6 Wall. 548; The Sarah Ann, 2 Sum. 206; McIlvain v. Edgerton, 2 Rob. 422; Carkland v. Morrison, 33 Me. 190.

The landlord had no right to take this property except by a lien, which he was bound to complete and perfect, and failing to complete and perfect the lien it is to be treated as having been void from the beginning. Storey v. Agnew, 2 Ill. App. 353. See also National Bank v. Thomas, 125 Mass. 278.

Mr. THOMAS F. TIPTON, for appellee.

At the time this property was mortgaged to appellant, as claimed by him, it was held adversely, and John and William Rix had but a right of action, which was not the legal subject of transfer. McGoon v. Ankeny, 11 Ill. 558; Young v. Ferguson, 1 Litt. 298; Gardner v. Adams, 12 Wend. 297; O'Keefe v. Kellogg, 15 Ill. 347; Bowers v. Bodley, 4 Ill.

App. 279; Stogdell v. Fugate, 2 A. K. Marsh, 136; Dunklin v. Wilkins, 5 Ala. 199.

WALL, J.    The chattels in question belonged to Rix and were taken by Ator as bailiff of Stubblefield, who was landlord of Rix, upon a distress warrant for rent claimed to be due under the lease.

While in the possession of Ator, or those holding under him, Rix gave Hughes a chattel mortgage upon the property. This instrument was duly acknowledged and recorded according to law, and having become due by its terms, Hughes, after demand and refusal, brought the present action of replevin. The proceeding by distress was afterward abandoned. The replevin case was tried by the court without a jury, and the issues were found for defendant. This conclusion was based upon the proposition that when the chattel mortgage was executed the possession was held adversely and no title passed.

In the cases of McGoon v. Ankeny, 11 Ill. 560, and O'Keefe v. Kellogg, 15 Ill. 347, the property was held adversely, and the title was also claimed by those holding the adverse possession. Those cases announce the rule that the real owner of personal property can not sell his right or title to it while it is in the actual adverse possession of one who claims that title to it, the reason assigned being that it is against the policy of the law to allow a party to buy a law suit—a mere right of action in attempting to purchase personal property. Applying the rule to those cases it does not necessarily reach the case where property is held by a mere wrongdoer, not claiming title, nor the case of a bailee or lien holder whose claim is subordinate to and by virtue of the general property and right of the acknowledged owner. As was said by Justice Story in the case of The Brig Sarah Ann, 2 Sumner, 211, "There is no principle of law which establishes that a sale of personal property is void because such property was not in possession of the rightful owner at the time of the sale. The sale under such circumstances is not the sale of a right of action, but is a sale of the thing itself and good to pass the title against every person not holding the same under a *bona fide* title for a valuable consid-

eration without notice, and *a fortiori* against a wrongdoer. This is cited approvingly in Tornes v. Dubois, 6 Wall. 548, and in 2 Wait's Actions and Defenses, where it is said : " Owners of personal property are not therefore obliged to treat every act of a third person who invades their right of possession or property as constituting a tortious conversion of the property, but they may, if they think proper, waive the tort, and in that state of case they may sell the property and convey a good title, and their vendor may upon demand and refusal maintain trover."

In Hodges v. Hurd, 47 Ill. 363, five bales of cotton, while in the hands of the surveyor of the port, who had seized them to await an examination for a supposed violation of the regulations of the treasury, were sold by the owner to Hurd.

The vendor and vendee went to the surveyor and notified him of the sale, and that he was to deliver the cotton to the vendee, Hurd.

Afterward, and while still in possession of the surveyor, it was levied upon, under an attachment against the vendor, and Hurd then brought replevin against the officer. It was held the title passed to Hurd. The court said that a mere notice to the bailee was sufficient to work a change of possession, and his consent is not material, as on notice he becomes keeper for the true owner by operation of law; that it would be unreasonable to allow the bailee of property to prevent the owner from making a valid sale by refusing to agree to surrender it to the purchaser after the termination of his own right of possession; that the object of requiring a change of possession to accompany a sale of personal property is to give notice to the public, and when property in the custody of a bailee is sold, this object is as much accomplished by notifying the bailee of the sale and directing him to hold for the purchaser as it would be by his express promise thus to hold, and that the fact of sale would be learned by inquiring from the bailee in one case as well as the other. Now, in the case at bar the true and undisputed owner, Rix, was not in actual possession, but the possession was in the bailiff, not claiming an adverse title, but merely a lien by virtue of the title of Rix.

If Rix had not been the owner the possession would not have been taken by the bailiff, and he was really holding subordinate to Rix, confessing and depending upon his title.

Rix had an unquestioned right, subject only to the asserted lien. He might well sell that right, and vest the buyer with it.

The chattel mortgage was given pursuant to the statute providing for a retention of possession by the mortgagor until the debt matured or the happening of the condition upon which the mortgagee might obtain possession. Under such circumstances we hold the bailiff's possession was the possession of the mortgagor, and when the right of the mortgagee matured he might demand possession subject to the lien; or if the lien was discharged, free from it. There is nothing in this to oppose the policy of the law. The mortgage was acknowledged and recorded as the law required. This is equiv_alent to a change of possession, and it gave notice to all, including the bailee, who became keeper for the true owner by operation of law. No agreement to that effect by the bailee need be shown, as the law will presume it. To hold otherwise would be to impose an unreasonable restraint, an unnecessary limit upon the dominion of one over his own property. Such dominion must include the right of disposal, though the possession may at the time be in another, by virtue of his general title, and should be upheld so long as the matter concerns only the vendor, vendee and bailee. This right is valuable, and to deny it would often work extreme hardship.

It is a general rule when the terms of sale are agreed on, and everything the seller has to do with the goods is complete, the sale is absolute as between the parties without actual payment or delivery, and thereupon the property in, and risk of accident to the goods will vest in the buyer. 2 Kent's Comm. 492.

Herman, in his work on Chattel Mortgages, Sec. 37, states it as the law that property in the hands of an officer, under and by virtue of a writ of attachment or execution, is subject to a mortgage by the owner. When the mortgage is made while the property is so held under a levy against the

actual owner, and made to one having notice of the levy to secure a prior debt, the mortgagee will be entitled to any surplus after satisfying the execution, the property passing to him subject to such lien. So a mortgage will be valid, notwithstanding at the time of its execution a third person holds the property under the mortgagor, and has a special property therein. Appleton v. Bancroft, 10 Met. 231: McCalla v. Bullock, 2 Bibb, 288. See also Jones on Chattel Mortgages, Sec. 115, where a similar statement of the law will be found.

We are of opinion the plaintiff below was entitled to recover. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*