PERLEY LOWE, ASSIGNEE,

v.

CANUTE R. MATSON, SHERIFF, ET AL.

*Assignments—Attachment—Possession.*

1. Upon a sale of personal property in the possession of the vendor, a change of possession is essential to protect the title of the vendee against attaching or execution creditors of the vendor. If the possession remains with the vendor it is fraudulent *per se* against creditors.

Lowe v. Matson.

2.  An assignee for the benefit of creditors is a volunteer who pays no consideration, and on principle the law can not extend to him any greater lenity than to *bona fide* purchasers for value.  Where the rule operates against the latter it is also enforced against the former.

3.  If the property is left in possession of the vendor's agent the change is constructive only, the possession of the agent being that of the principal; and although a servant agrees, in his master's presence, to hold possession for the vendee, his possession remains that of his master so far as creditors of the latter are concerned.

4.  The rights of attachment creditors can not be settled on petition by the assignee in the County Court, where the attachments were levied before he took possession.

5.  Upon the petition by an assignee, praying, among other things, that possession of certain property levied upon should be delivered to him by the sheriff, this court holds, that in view of the fact that the assignee was never in possession of any of the property in question, the County Court had no jurisdiction of the matters presented by the petition, and declines to interfere with the order dismissing the same.

[Opinion filed April 21, 1890.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Messrs. Jones & Hacker, for appellant.

Messrs. M. & H. N. Culver, for appellees.

Garnett, J.    On September 21, 1889, Robert Larkins executed and delivered, in form to satisfy the statute, a deed of assignment for the benefit of creditors to Nathaniel N. Jones, which was filed for record in the recorder's office of Cook county at ten o'clock in the forenoon of September 23d, and in the office of the clerk of the County Court on September 27th.

Before eleven o'clock of September 23d the assignee spoke through the telephone to Edwin H. Stephens, the bookkeeper of Larkins, in charge of his lumber yard in Chicago, telling him of the assignment; directing him to stop selling lumber; to look after things for the assignee, and prepare a statement of the creditors at once, and that he, the assignee, would be at the yard that afternoon.

Stephens at once went into the yard, where lumber was being loaded upon a wagon, and told Larkins' foreman to stop the loading; that there was trouble there. The foreman then had the loading stopped, and Stephens went to work upon the books to make a list of the creditors.

In the forenoon of September 23d judgments were entered in the Superior Court by Larkins in favor of William A. Thompson and Herbert Hammon, severally, the execution in each case reaching the sheriff's hands before 10:30 o'clock in the forenoon of the same day. The sheriff's deputy proceeded to Larkins' lumber yard, arriving there about eleven o'clock, and, having the writs in his possession, made a levy under each writ on the personal property there. Jones, the assignee, went to the yard about two o'clock the same day, found a custodian in possession for the sheriff, who was then notified by Jones that he was the assignee, and at the same time Jones directed Stephens to stay there himself, and to keep a man there at night, until further order of court.

On September 23d a judgment in favor of G. G. Stewart, and another in favor of Charles T. Eddy, against Larkins, were entered in the Superior Court, but the executions issued thereon were not delivered to the sheriff until after he was notified by Jones of the assignment. All four of the judgments were assigned to S. A. Kean & Co., who brought suit thereon September 24th in La Grange county, Indiana, attaching other personal property of Larkins in that county. Before that suit was commenced S. A. Kean & Co. had actual notice of the assignment to Jones, but there had been no change in the possession of the property attached.

Jones resigned his position of assignee on September 27th, and appellant, being appointed his successor, filed his petition in the County Court against the sheriff and S. A. Kean & Co., praying that possession of the property levied on should be delivered to the assignee by the sheriff, and that S. A. Kean & Co. should be directed to release the attachments in Indiana. After hearing, upon evidence introduced by both sides, the court dismissed the petition, and the assignee brings this appeal to reverse the order.

Lowe v. Matson.

Upon a sale of personal property in the possession of the vendor, a change of possession is essential to protect the title of the vendee against attaching or execution creditors of the vendor. If the possession remains with the vendor it is fraudulent *per se* against creditors, according to the doctrine in Illinois, though not so in some other States. Thornton v. Davenport, 1 Scam. 296; Curran v. Bernard, 6 Ill. App. 341; Lawson v. Funk, 108 Ill. 507; Allen v. Carr, 85 Ill. 388; Wait on Fraud. Conv., Sec. 251. An assignee for the benefit of creditors is a volunteer who pays no consideration, and, on principle, the law can not extend to him any greater lenity than to *bona fide* purchasers for value. Where the rule operates against the latter it is also enforced against the former. Burrill on Assignments, Secs. 271, 272. In Wilson v. Pearson, 20 Ill. 81, it was assumed by the court that the statute then in force relating to chattel mortgages, deeds of trust, etc., requiring a delivery of the property to the mortgagee or grantee, or acknowledgment and recording of the instrument, applied to deeds of assignment of personal property for the benefit of creditors. Whether compliance with the terms of the statute as to chattel mortgages would dispense with the necessity for change of possession need not now be decided, but it is apparent from the opinion of the court in that case that, as the instrument was not recorded, delivery of possession to the assignee was thought essential to his title as against an execution creditor.

The change of possession must be actual, not merely constructive. Bump on Fraud. Con., v. 112. If the property is left in possession of the vendor's agent, the change is constructive only, because the possession of the agent is the possession of the principal. In the case of ponderous articles, there need not be an actual removal of the goods and change of possession from hand to hand, but it is sufficient that the vendee assumes the direction and control, and in such an open, notorious manner as usually accompanies an honest transaction. Ib. 166. If the goods are in possession of a bailee, as in Gaar et al. v. Hurd, 92 Ill. 315, notice to the bailee is all the law requires, as that is said to deprive the vendor of all control

over the property. But this does not apply to a mere employe or servant of the vendor. The servant's possession is but the possession of the master, putting no one upon inquiry, and although the servant agrees, in his master's presence, to hold possession for the vendee, his possession remains that of his master so far as creditors of the latter are concerned. Gray v. Corey, 48 Cal. 208; Flanagan v. Wood, 33 Vt. 332; Sleeper v. Pollard, 28 Vt. 709; Sharon v. Shaw, 2 Nev. 290; Chester v. Bower, 55 Cal. 46; Hurlburd v. Bogardus, 10 Cal. 519.

Now, in the case at bar, Stephens was an employe of the insolvent debtor. He does not appear to have had any knowledge of Jones before September 23d. His possession, at and before he received the telephonic communication, was the possession of his employer. He did not even tell Jones that he would take possession, or do anything else for him.

No evidence was introduced to show that the sign was changed, a notice of assignment posted, the gates closed, or any other visible indication given of a change of possession. A careful observer might have seen nothing more than was apparent a week before, to wit, that Larkins, by his employe, was in possession.

Then, so far as the attachments in Indiana may be said to differ from the levies in this county, they are controlled by the fact that S. A. Kean & Co. levied the attachments before the assignee took possession, and therefore the rights of the parties can not be settled on petition by the assignee in the County Court. Ide v. Sayer, 30 Ill. App. 210.

In fact, as the assignee was never in possession of any of the property in question, the County Court had no jurisdiction of the matters presented by the petition.

Actual notice to S. A. Kean & Co. of the assignment, before the attachments, can make no difference so long as the failure to deliver possession to the assignee is counted fraud *per se*. Blatchford v. Boyden, 122 Ill. 657; Long v. Cockern, 128 Ill. 30.

The order of the County Court dismissing the petition is affirmed.                    *Order affirmed.*