## NATIONAL BANK OF CHAMBERSBURG
### v.
## BUCKEYE IRON & BRASS WORKS ET AL.

*Bailments.*

Where goods are in the possession of a third party as bailee, notice to such bailee of the sale of said goods is sufficient to work a change of possession of the goods into the hands of the vendee, and in such case, an actual delivery of the goods to the vendee is unnecessary, even as against attaching creditors of the vendor. And this doctrine is not confined to bailees of a *quasi* public character, such as carriers, warehousemen or a public officer holding the goods against the will of the vendor.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. WILSON, MOORE & McILVAINE, for appellant.

Mr. LAWRENCE P. CONOVER, and FLOWER, SMITH & MUSGRAVE, for appellees.

MR. JUSTICE GARY. In Chambersburg, Pennsylvania, was a Taylor Manufacturing Company, largely indebted to the appellant. It had two steam engines in the possession of Henry S. Walker, of Chicago, and sold them, as appellant claims, to the appellant.

The appellees, creditors of the Taylor Company, attached these engines, and the appellant interpleaded, claiming ownership of the engines.

Both the Taylor Company and the appellant, by letter, notified Walker of the sale of the engines, the Taylor Company adding: "You will hold the same subject to orders from said bank;" and the appellant adding: "We wish you to sell these engines for us on our account, the same as you

would have done for the Taylor Manufacturing Company." The letters were received by Walker, and he sent a telegram to the company asking whether the business was to stop, and the letters were shown to the deputy sheriff and the attorney of appellees, before the attachment was levied, and Walker also then told them that the engines belonged to the appellant.

It may be a question whether the possession of Walker before the sale was his own possession as bailee, in the character of a factor holding goods for sale, with a lien for freight paid, or other expenses, or for advances, if any had been made, or was he simply an agent—in law a servant—of the Taylor Company, so that his possession was possession by the company, and therefore notice to him of the sale, ineffectual as a change of possession from the Taylor Company to the bank.   Lowe v. Matson, 35 Ill. App. 602.

It is not necessary that we express any opinion in relation to that question.   It is quite certain that the court below decided the case upon the ground that notice to a bailee, without acceptance by him of the character of bailee for the purchaser, is not enough to change possession, as against attaching creditors of the vendor.   Upon that ground the following propositions of law were refused:

" The court holds, as a matter of law, that where goods are in the possession of a third party as bailee, notice to such bailee of the sale of said goods is sufficient to work a change of possession of the goods into the hands of the vendee, and that in such case an actual delivery of the goods to the vendee is unnecessary even as against attaching creditors of the vendor.

" The court holds, as a matter of law, that a factor or agent to whom goods are consigned for sale, and who is the agent of the vendor for the purpose of sale only, or a commission merchant who buys and sells goods for commission, is a bailee within the meaning of the rule above laid down."

The appellees distinguish this case from Hodge v. Hurd, 47 Ill. 363, where the doctrine of the first of these propositions is held to be law, insisting that that doctrine is only

applicable to bailees of a *quasi* public character, as carriers or warehousemen; or, as in that case, a public officer holding the goods against the will of the vendor. The reasoning of the court, however, forbids such a narrowing of the case. And see Hughes v. Stubblefield, 21 Ill. App. 216.

We regard the first proposition as law in this State; the second is made ambiguous by the introduction of the word "agent" where it first occurs. Such agent might be only a servant, working for wages in premises belonging to, and legally in the possession of, the vendor.

If the possession was not changed, notice of the sale was of no avail. Lowe v. Matson, 35 Ill. App. 602.

For the error in refusing the first proposition here quoted, the judgment is reversed and the cause remanded.

*Reversed and remanded.*