THE PEOPLE *ex rel.* Frances Jones

*v.*

AXEL CHYTRAUS.

*Opinion filed December 18, 1899.*

1. PLEADING—*demurrer to answer to petition for mandamus may be carried back.* Under section 4 of the act on *mandamus* (Rev. Stat. 1874, p. 691,) a demurrer to the answer to a petition for *mandamus* is properly carried back and sustained to the petition, if the latter shows no sufficient grounds for the writ.

2. BILLS OF EXCEPTION—*determination of what shall go in bill is a judicial act.* The determination of what shall go in a bill of exceptions in order that it may truly and fairly present the facts and rulings of the trial is a judicial act.

3. SAME—*what is not proper to be incorporated in a bill of exceptions.* Statements of counsel for and against a motion, supported by affidavits, to set aside an order of dismissal, and remarks by the court in denying the motion, need not be incorporated in the bill of exceptions, as the correctness of the ruling depends upon the motion and the evidence in support thereof, and not upon the court's reasons for its judgment.

4. MANDAMUS—*mandamus will not lie to compel the court to decide a particular way.* Mandamus will not lie to compel a judge to sign a particular bill of exceptions which he has judicially determined contains matter not proper to be incorporated therein.

APPEAL from a judgment of the Appellate Court for the First District dismissing a petition to that court for a writ of *mandamus.*

HENRY M. COBURN, for appellant.

ALLEN G. MILLS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court dismissing a petition by appellant, against appellee, for a writ of *mandamus.* The relatrix brought a suit against the St. Luke's Hospital in the superior court of Cook county, which was dismissed by appellee, he being at the time the presiding judge of said court. Subse-

quently a motion, based on affidavits, was made to set aside that order, which was overruled. The plaintiff prayed and was allowed an appeal to the Appellate Court for the First District, and in due time presented a bill of exceptions to the judge to be signed and sealed by him. As presented it contained statements of counsel for and against allowing the motion to set aside the order of dismissal, and also remarks of the court in rendering his decision. These statements the judge struck out, on the ground that they were not properly matters to be incorporated in said bill of exceptions, to which ruling an exception was taken. The bill of exceptions as signed was then incorporated into the record, which was filed in the Appellate Court. Thereafter this petition was filed to compel the judge to sign a bill containing the statements stricken out. A writ of *mandamus* was ordered, and the respondent appeared and filed his answer, stating, among other things, in substance, that he refused to sign the bill as presented because he understood the matters stricken out were no proper part thereof. To this answer the petitioner filed a demurrer, which the court carried back to and sustained as to the petition, and to reverse that judgment this appeal is prosecuted.

This ruling of the Appellate Court was clearly right. The only mistake made by that court was in ordering the writ. The petition showed no sufficient grounds for that order. It was proper to carry the demurrer to the answer back to the petition. Section 4 of chapter 87 of the Revised Statutes (Mandamus) provides: "The petitioner may plead to or traverse all or any of the material facts contained in the answer, or demur thereto, to which the defendant shall reply, take issue or demur, *and like proceedings shall be had as in other cases at law.*" The act of settling, signing and sealing bills of exception is in its nature both judicial and ministerial. Determining the correctness of such a bill is judicial, while the mere act of signing and settling is ministerial. (*Hake* v. *Strubel,*

121 Ill. 321.) The judge must determine judicially, in the first instance, what the bill of exceptions shall contain, that it may truly and fairly present the facts and rulings occurring on the trial of the cause. "It is well settled that *mandamus* will lie to compel a judge to sign and seal a bill of exceptions in a cause tried before him, but he must at last determine the accuracy of the bill which he verifies." (*People ex rel.* v. *Anthony*, 129 Ill. 218, and authorities cited.) *Mandamus* will lie from a superior to an inferior court to compel the latter to act; but nothing is better settled than that the writ will never issue to compel a decision in a particular way,—that is, to review the decision of a subordinate court. Therefore, this writ should have been denied on the petition, for the reason that it was sought to control the exercise of the judicial powers of the respondent and compel him to decide a judicial question, as to what the bill of exceptions should contain, in a particular way,—in other words, to review his decision on that subject in a *mandamus* proceeding. Moreover, we entertain no doubt that the respondent decided the question properly. What was said by counsel and the court in the consideration and decision of the motion to set aside the order of dismissal was in no sense proper to be incorporated in the bill of exceptions. (*Potter* v. *Gronbeck*, 117 Ill. 404.) This proposition, as a general rule, is not denied; but it seems to be thought that because the granting or denying such a motion is discretionary with the court, and that his rulings may be reviewed upon appeal or writ of error if it clearly appears he has abused his discretion, therefore the reasons given by him for his decision may be considered to determine whether there was such abuse. The discretion is a legal, judicial discretion, and the correctness of the conclusion reached in its exercise in no way depends upon whether it is reached by a correct process of reasoning or not. Whether the order overruling the motion to set aside the dismissal was the result of the exercise of a judicial discretion, or

the abuse of that discretion, could only be decided upon
a consideration of the motion and the affidavits or other
matters offered in support of it, and, just as in every
other judgment, whether a good or bad reason was given
therefor is wholly immaterial.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*