## The People, etc., ex rel., etc., v. Elbridge Hanecy.

1. APPELLATE COURT PRACTICE—*Trial Court is Judge of Correctness of Transcript of Proceedings Before. it.*—The trial court alone must determine what is a correct transcript of the proceedings before it. This court can not determine any issue as to whether a specified transcript is, or is not, so far correct that it is the duty of the trial court to sign and seal it, when he answers that it is not correct.

2. MANDAMUS—*Trial Judge Must Determine the Accuracy of Bill Which He Verifies.*—It is well settled that mandamus will lie to compel a judge to sign and seal a bill of exceptions in a cause tried before him, but he must determine the accuracy of the bill which he verifies.

**Mandamus.**—To compel a judge to sign and seal certificate of evidence. Heard in this court at the October term, 1899. Writ denied. Opinion filed March 26, 1900.

JOHN MAYO PALMER and J. C. ESSICK, attorneys for petitioner.

DENEEN & HAMILL, attorneys for respondent.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

This is an original proceeding in this court by mandamus to compel the respondent, one of the judges of the Circuit Court of Cook County, to sign and seal a certificate of evidence in a suit lately pending before him in that court. The cause is now pending upon writ of error in this court, and this writ is sought in furtherance of the appellate jurisdiction of this court. An alternative writ having been issued upon the filing of the petition, and the answer of respondent having been filed and a replication thereto by petitioner and rejoinder by the respondent, the cause is now presented for a determination upon petition, answer, replication and rejoinder, there being no essential disagreement of counsel as to the facts and no triable issue of fact being presented, though the pleadings have proceeded as though to reach an issue of fact. The facts, so far as

they are material and as substantially agreed to by counsel upon oral arguments, are as follows: The cause in which this question arose is a suit in chancery for the purpose, *inter alia*, of enforcing certain mechanics' liens. Two decrees were entered in the cause, one upon March 30, 1896, and the other upon July 14, 1897.

No appeal was taken from the first of these decrees, viz., that of March 30, 1896, and the writ of error in furtherance of which this writ is sought, runs to the decree of July 14, 1897.

On July 17, 1897, of the same term at which the July 14th decree was entered, the following order was entered of record:

" This day come the solicitors for the defendant, Eugene Hogue, and made a motion to have a time fixed to file a certificate of evidence in this cause, which motion was entered and continued."

No further procedure appears of record to have been had in the cause until March 12, 1898, when the following order was entered:

"This cause coming on to be heard, on the motion of the defendant for time in which to prepare a certificate of evidence herein, it is ordered that said motion be and it is hereby overruled."

It appears, however, *aliunde* the record, that what purported to be a transcript of the evidence was presented to respondent by counsel for petitioner upon October 13, 1897, and the answer avers that this transcript, upon objection by counsel for other parties to the litigation, was conceded by counsel for petitioner to be incomplete, and that it was not a complete transcript. It also appears that there was indorsed at this time upon this incomplete transcript, by direction of the court, the following memorandum: " Presented and taken by Palmer, October 13, 1897. John A. Cook, clerk." Mr. Palmer was of counsel for petitioner, the defendant there, who was seeking to perfect an appeal.

It does not appear that any other transcript of the evidence was ever presented to respondent for signature and sealing as a certificate of the evidence, or that this tran-

script was ever presented after the occasion mentioned, viz., October 13, 1897. It appears that after the entering of the order of March 12, 1898, overruling the motion "to fix a time in which to prepare a certificate of evidence," the respondent refused to sign and seal any certificate of evidence whatever, although none appears to have been presented.

It is contended by counsel for the respondent that the first decree, viz., that of March 30, 1896, was a final decree in the cause, and that the decree of July 14, 1897, was merely a determination of amounts found due upon an accounting, which accounting was based upon the final decree of March 30, 1896; and that as no motion to that end was interposed at the March, 1896, term of the court, it was too late to obtain any certificate of the evidence when the motion was first made, viz., on July 17, 1898. We are of opinion that this contention can not be sustained. If the decree of March 30, 1896, was in effect the final decree, that is, if it did finally adjudicate and determine the rights of the litigants, and if the decree of July 14, 1897, was in effect merely an adjusting of the amounts due upon an accounting had upon a final decree, then the position of counsel would be tenable. But the decree of March 30, 1896, while it contained findings of fact quite sufficient to constitute the basis of a final decree, did not in its ordering part purport to determine the relative rights of the litigants. On the contrary, it, in effect, merely ordered a reference to a master in chancery to take an accounting. It was, in substance, just what it is described as being by its own terms, viz., an interlocutory order.

The decree of July 14, 1897, must be held to be the final decree, and hence the motion of petitioner upon July 17, 1897, was in apt time. But the difficulty of the petitioner's case is that the motion was finally disposed of by the order overruling it at the March, 1898, term. Whether the order thus terminating the right of petitioner to a certificate of the evidence was proper, or in abuse of the discretion of the court, can not matter, for in any event it operated to end all

power of the respondent, after the expiration of that term, to sign and seal a certificate of evidence in the cause.

If, prior to the expiration of that term of the court a correct transcript of the evidence had. been presented to respondent, a refusal to sign and seal the same would perhaps have entitled petitioner to the remedy here sought. But while it is averred in the petition that "a certificate of evidence" was tendered to the respondent, by which was doubtless meant a transcript of the evidence, yet it is set up by the answer of respondent that no other transcript was ever presented to him save the incomplete transcript tendered upon October 13, 1897. Nor can the averments of petition or replication be taken as raising a triable issue as to the completeness of this transcript. The trial court alone must determine what is a correct transcript of the proceedings before it; we can not determine any issue as to whether a specified transcript is, or is not, so far-correct that it is the duty of respondent to sign and seal it, when he answers that it is not correct.

If it was alleged that a transcript of the evidence had been presented to respondent which the latter had approved as a true and correct transcript, and had then refused to sign and seal it, a very different question would be presented.

There is, then, nothing which this court can compel the respondent to sign and seal and thereby make it a certificate of evidence, for there does not appear to have been anything submitted to him at any time which it was his duty to then sign and seal for that purpose.

In People ex rel. v. Chytraus, 183 Ill. 190, the court said, quoting from People ex rel. v. Anthony, 129 Ill. 218:

"It is well settled that mandamus will lie to compel a judge to sign and seal a bill of exceptions in a cause tried before him, but he must at least determine the accuracy of the bill which he verifies."

The real complaint of the petition, when analyzed, is found to relate to the entering of the order dismissing the motion for time in which to present a transcript of the

evidence, and not to any refusal to sign and seal any specific transcript which respondent was obligated by his official duty to sign and seal—that is to say any transcript which respondent could approve as a true and complete transcript of the proceeding before him.

This writ must be denied.