## The People ex rel., etc., v. DeWitt L. Jones.

1. MANDAMUS—*Duty of Judge as to Bill of Exceptions.*—The trial judge is not compelled to sign the bill of exceptions prepared by counsel. It is for him to determine the accuracy of the bill and the matters and things to be incorporated in it; he must sign such a one as he believes to be correct and none other. If he is unable to remember the testimony, it is his duty to recall the witnesses or in some other mode determine the evidence to be incorporated in the bill.

**Petition for Mandamus.**—Heard at the April term, 1902. Writ awarded. Opinion filed July 18, 1902.

W. O. ROBINSON, attorney for petitioner.

WHITNEY, UPTON & WHITNEY, attorneys for respondent.

MR. JUSTICE DIBELL delivered the opinion of the court.

In a case pending in the County Court of Lake County, entitled Fred Rahn v. The Oakwood Stock Farm Company, there was a jury trial, and a verdict and a judgment for

plaintiff. Defendant prayed for and obtained an order for an appeal to this court, and perfected said appeal by filing and procuring the approval of an appeal bond within the time fixed therefor. He also obtained leave to present and file a bill of exceptions, and within the time fixed therefor presented to the judge of said court a bill of exceptions, which said judge, within said time, refused to sign, but deposited it with the clerk of the court, with his refusal indorsed thereon. This is a petition wherein said defendant is the relator, asking for a writ of mandamus to compel said county judge to settle and sign the bill of exceptions. Respondent answered, the relator demurred to said answer, and the cause has been submitted upon said petition, answer and demurrer. The petition and answer largely relate to the respective versions of the parties as to what occurred at the different times when the bill of exceptions was presented to the county judge and its execution requested. There is a controversy between the parties on that subject, which we regard as largely immaterial. So far as material, the facts stated by respondent are to be treated as true, under the demurrer.

The answer shows that the time to present a bill of exceptions in said cause expired February 17, 1901; that on February 15th the relator presented to respondent a bill of exceptions in said cause for signature, and urged the judge with perhaps undue zeal to sign it; that the respondent was otherwise engaged and could not then attend to it and refused to do so; that relator's attorney, being a resident of another county and desiring to return, deposited the bill with the clerk of the court and so advised respondent; that respondent on that day marked it as presented; that on the next day, February 16th, in the absence of relator's counsel, respondent examined said bill of exceptions and found it incomplete and imperfect, and containing matters which never occurred, and respondent on that day indorsed the bill as being "incorrect, incomplete, and containing misstatements, and not a true bill of exceptions, and refused."

The main question presented by this record is whether the fact that a bill of exceptions is incorrect is a sufficient

excuse for a refusal to sign it, or whether it is the duty of the judge to direct such changes as he determines are necessary to make it speak the truth, and then to execute it. The question is important, because where a case is tried without a stenographer, as was apparently the case here, it must often occur that the bill of exceptions, drawn by counsel for the defeated party, will not in all respects correspond with the view taken by the trial judge of what has been done in the case. The trial judge is the one who must determine, under his official oath, what was the course of the proceeding before him, and his determination that a matter stated in the bill of exceptions did not in fact occur, or occurred in a different way from what is there stated, is conclusive. But if the trial judge may simply refuse to sign, upon finding the bill presented is imperfect, without taking any steps to cause the bill to be made correct, so that he may sign it, he can thus defeat the right of appeal, and prevent the review of his rulings which the law intends shall be given to the party aggrieved by the judgment.

In The People ex rel. v. Williams, 91 Ill. 87, the trial judge refused to sign a certificate of evidence because it was incorrect, but notified the counsel who presented it that if they would correct it so it would conform to the facts he would sign it. Afterward he again refused to sign it because he was not satisfied it was a true and correct transcript of the evidence. The Supreme Court held it was the duty of the trial judge, if he did not remember the evidence, to resort to a stenographic report thereof, or to recall the witnesses and examine them again, or in some other mode determine the facts to be incorporated in the certificate. In awarding a mandamus the court there further said :

"We do not hold that the certificate of evidence prepared by petitioners and presented to the judge is the one to be signed by the respondent. We merely decide that, under the circumstances of this case, the petitioner is entitled to have a certificate of evidence signed. It is for the respondent, the judge before whom the cause was tried, to determine the accuracy of the certificate and the matters and

things to be incorporated in it.   As said in The People v.
Pearson, 2 Scam. 189, he must sign such a one as he believes
to be correct, and none other."

In The People ex rel. v. Gary, 105 Ill. 264, the trial judge
had refused to sign a bill of exceptions presented to him.
He set up that he had forgotten the testimony, which had
not impressed his memory because heard upon a default, and
that he had no authority, in his judgment, to recall the
witnesses to ascertain what their evidence was.   He refused
to hear said witnesses when presented before him for that
purpose, and refused to sign a bill of exceptions which
stated it contained all the evidence given on the trial, un-
less the parties would agree it was a correct statement of
all the evidence.   The Supreme Court held the petitioner
was entitled to a bill of exceptions, and that it was the
duty of the judge to recall the witnesses, or in some other
mode determine the evidence to be incorporated into the
bill, and that the inability of the judge to remember the
testimony formed no good reason why the party should
lose his right of appeal.   A peremptory mandamus was
awarded.   Obviously it was not meant the judge should
necessarily sign the particular bill which had been presented,
but that he should ascertain what the evidence was, cause
it to be inserted according to the fact, if not already done,
and then sign the bill of exceptions so settled by him.

In The People v. Chytraus, 183 Ill. 190, the trial judge
had stricken out of a bill of exceptions remarks made by
counsel for and against a certain motion, and remarks made
by the judge in deciding the motion, and had then signed
the bill.   Mandamus was brought to compel him to sign a
bill containing the statements stricken out.   Respondent
answered that he struck out the statements because he
understood they were no proper part of the bill.   It was
there said :

" The judge must determine judicially, in the first
instance, what the bill of exceptions shall contain, that it
may truly and fairly present the facts and rulings occurring
on the trial of the cause.   ' It is well settled mandamus
will lie to compel a judge to sign and seal a bill of excep-

tions in a cause tried before him, but he must at last determine the accuracy of the bill which he verifies.' "

It was also held the judge acted properly in striking out the remarks of counsel and court.

In The People v. Holdom, 193 Ill. 319, the trial judge declined to examine or pass upon a bill of exceptions in a criminal case until it was approved by the state's attorney; and in answer to a petition for a writ of mandamus to compel him to sign it, he set up that the bill presented was not sworn to, that there was no official reporter, and he did not know or remember whether the matters set forth in the bill were correctly stated. The Supreme Court pointed out the methods to which the trial judge could resort in order to advise himself of the truth and correctness of the bill of exceptions which he signs, and indicated it was his duty " to direct the proper preparation of the bill." In awarding the writ the court further said :

" We do not desire to be understood as requiring respondent to approve the particular bill of exceptions presented to him in the exact condition as presented, but it was and is his duty to examine it and to point out where the inaccuracies are and what corrections should be made; and when the bill, in his judgment, truly sets forth the proceedings and the evidence, it is his duty to sign and seal the same."

We regard the foregoing cases as decisive of respondent's duty in this case.

But respondent further stated in his answer that this bill of exceptions could not be modified or made correct without being entirely rewritten. This was not a statement of a fact, but of a matter of opinion. The relator filed with his petition what he averred was an exact copy of the bill of exceptions which respondent refused to sign. Respondent in his answer denied it was an exact copy of the bill he refused to sign, but did not state in what respect it was not an exact copy. We take this as an admission the copy filed in this cause is a substantial copy of the bill tendered to respondent and which he refused to sign. It is short, and if inaccurate can not be difficult to correct. It sets out a motion by defendant for a continuance or postponement, an

affidavit in support thereof, the denial of the motion, and an exception by defendant. If any part of this did not occur, the judge can order the incorrect part stricken out or amended. Next is a short statement of what occurred during the impanelment of the jury, not covering the examination of the jurors, but relating to the manner in which the panel was filled for the trial of the case. If this is incorrect or incomplete we fail to see how there can be any difficulty in the trial judge directing such changes as will make it correct. Then follows a remark the judge is said to have made in the presence of the jury in ruling upon the objections to the panel. Respondent answers that he made no such remark. If he so determines, he should order that statement stricken out. There follows a brief statement of the evidence, given by plaintiff and his two sons, and a single item of testimony by defendant's attorney, and certain checks. The proof was evidently brief. Defendant offered no witness except his attorney on a question of signature. No exception is preserved to any ruling of the court upon the evidence. The suit was for wages earned by plaintiff's sons while minors. Defendant did not deny the services but introduced checks he had paid the sons, and sought to show by cross-examination of plaintiff and his sons that plaintiff had permitted his sons to receive their wages, etc., and so was bound by payments to them. If the evidence in the bill of exceptions is not sufficiently full or correct it can not be difficult to direct the necessary additions or changes. Next follows two instructions given for plaintiff and one modified and given for defendant and one for defendant refused, without any exceptions to the rulings of the court upon them. The bill next contains a written motion for a new trial, its denial and an exception, and the certificate to the bill. The whole bill covers but twelve pages, and the only exceptions it contains are to denying the motion for a continuance, to the rulings of the court upon objections of defendant to the manner in which the jury were brought into the box, including said remark by the judge in so ruling, and to the denial of the motion

for a new trial. A simpler bill of exceptions could hardly be found. The trial judge is not required to do the clerical work, but he can and should call the parties before him, direct the changes to make the bill truly show what was done before him, and when the changes have been made, and the bill so settled by him, sign and seal the same and deliver it to the clerk to be filed. It is also urged that the attorney for relator should have again appeared before respondent and again requested him to settle and sign the bill, before resorting to mandamus. That might be true if respondent had only marked the bill " presented," but when he also indorsed upon the bill his refusal to sign it, there was nothing further the attorney was required to do. A writ of mandamus will therefore be awarded.