## L. C. Smith & Bros. Typewriter Company, Appellee, v. Herbert D. Blakemore, Appellant.

### Gen. No. 5,792.

1. TROVER, § 30*—*authority to make demand.* A demand made by a person at the request of the plaintiff's attorney is sufficient.

2. TROVER, § 32*—*when bill of sale by a foreign corporation cannot be questioned.* Person in possession of property sold by a foreign corporation to another cannot, in an action of trover by the purchaser be heard to refuse to turn over the property to the purchaser on the ground that the foreign corporation has not complied with the laws of this State.

3. SALES, § 16*—*description of property.* Bill of sale of typewriters giving the names and the number of each machine separately

L. C. Smith & Bros. Typewriter Co. v. Blakemore, 183 Ill. App. 14.

and stating that they are in the possession of a third party of a certain city and State, *held*, to sufficiently describe the property.

4. SALES, § 20*—*when bill of sale properly executed by a corporation.* Bill of sale by a corporation reciting that the company "has caused these presents to be signed by its president and its corporate seal to be affixed and attested by its secretary" and signed by the name of the president without designating him as president, and signed by the secretary, as secretary, with the corporate seal attached, *held*, sufficiently executed.

5. SALES, § 14*—*when title to property in the possession of a third party may be conveyed.* Owner of personal property may convey title thereof to another when the property is in the possession of a third party who does not claim to own it.

6. APPEAL AND ERROR, § 812*—*when arguments of counsel should not be included in bill of exceptions.* Lengthy arguments of counsel have no proper place in the bill of exceptions, unless and only so far as error is to be assigned upon or grows out of such remarks.

Appeal from the Circuit Court of Rock Island county; the Hon. ROBERT W. OLMSTED, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

J. T. & S. R. KENWORTHY for appellant.

ADAIR PLEASANTS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This record discloses that there are two corporations named L. C. Smith & Bros. Typewriter Company, one organized under the laws of New York and hereinafter called the New York Company, and the other organized under the laws of Illinois and hereinafter called the Illinois Company. On September 3, 1907, the Illinois Company began this suit in replevin in the Rock Island Circuit Court against Herbert D. Blakemore for four L. C. Smith & Bros. typewriters, Model No. 1 Nos. 1748, 1771, 2451, and 2470. The officer did not obtain the goods, and the action was turned into trover, and there were pleas of *non cepit, non detinet,* not guilty, property in defendant and not in plaintiff

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

and property in the New York Company and not in plaintiff, on all which pleas issues were joined, and there was a verdict and a judgment for plaintiff for $328.43, from which defendant below prosecutes this appeal.

The proofs show that Blakemore was a stenographer and official reporter in Rock Island; that A. S. Hall was an agent for the New York Company at Davenport, Iowa; that Blakemore had two Densmore typewriters and wished to get rid of them and to get two others in their places; that Hall interested Blakemore in the typewriters made by the New York Company and took Blakemore's order for two such machines, for which special type was to be made, and accepted upon the order his two Densmore machines at $32.50 each, and agreed to have the company loan him two old machines until the order could be filled; that Hall shipped the two Densmores away and delivered to Blake more two old Smith machines for temporary use, and forwarded the order for the new machines; that Blakemore soon thereafter became dissatisfied and sent a cancellation of the order to the New York Company and repeatedly persisted in the cancellation and has never claimed to own any of the machines and has never paid anything thereon. This transaction occurred in December, 1906. The new machines were forwarded to and delivered at the office of Blakemore, and at the time of this trial in the court below in December, 1912, he had disposed of two of the machines and had the other two in his possession. At first the New York Company told him they had disposed of the Densmore machines and could not return them and sought to induce or compel him to pay. Afterwards they obtained the Densmore machines, abandoned their efforts to collect, acquiesced in his cancellation and sent on the Densmore machines. Hall testified that before the commencement of this suit he went to Blakemore's office, carrying one of the Densmores

and with an attendant carrying the other, and that Blakemore refused to receive them. He did not state what he then did with the machines, but testified that he afterwards saw the boxes which contained them in Blakemore's office. Blakemore denied that the Densmore machines were tendered to him at or before the date named by Hall, but he did not state that they never were tendered or that he never received them. The jury seem to have believed Hall and we think we may assume that Blakemore either has those machines or that they are where he can get them if he wants them. On a number of details the evidence of Hall and of Blakemore is in conflict, and the jury and the trial judge have believed Hall, and we do not feel authorized to disturb their conclusions in such matters of conflict. The New York Company afterwards sold the machines to the Illinois Company, and the latter afterwards instituted this suit after two demands for the possession of the machines. Appellant claims that there was no sufficient demand; that the bill of sale to the Illinois Company was insufficiently executed; that said bill of sale did not pass the title to the Illinois Company because the property was in the possession of appellant; that the New York Company had not complied with the laws of Illinois and could not recover the machines in the courts of this State; and that the bill of sale is invalid because its object was to evade the Illinois laws. It was also argued that there were various errors in rulings on the evidence and the instructions.

The first demand was made by an undoubted agent of the Illinois Company. The second demand was made by Hall and it is claimed that he was the agent of the New York Company only, and therefore the demand was insufficient. Hall testified that he was the agent of the Illinois Company from the time of its inception, and also that he made this demand at the request of the attorney for the plaintiff. If he had no

other authority, the request of plaintiff's attorney was sufficient.

In the bill of sale the New York Company is named as the one that is selling and transferring the title, and it recites that L. C. Smith & Bros. Typewriter Company has caused these presents to be signed by its president and its corporate seal to be affixed and attested by its secretary. It is signed "L. C. Smith," without designating him as president. It also bears the attestation of M. C. Smith, Secretary," and has the corporate seal of the New York Company attached. We hold that it was sufficiently executed. It is argued that it does not sufficiently describe the property. It not only names each machine separately but also gives the number of each separately, and then further says: "Said property being in the possession of H. D. Blakemore of Rock Island, Illinois." We hold the bill of sale sufficient.

Appellant contends that the New York Company could not transfer the title to this property to the Illinois Company because the machines were in the possession of appellant, and relies upon *McGoon v. Ankeny*, 11 Ill. 558, and *O'Keefe v. Kellogg*, 15 Ill. 347, to sustain that contention. What is there held is that the owner of personal property cannot convey the title thereof to another when the property is in the adverse possession of a third party who claims to own it. Appellant was in possession of this property, but he did not claim to own it, but claimed that he had cancelled his order for sufficient cause before the new machines reached him, and he has persisted in repudiating any claim that he had bought the property. Under these circumstances, the New York Company had the power to sell those machines to the Illinois Company, and the distinction is pointed out in *Hughes v. Stubblefield*, 21 Ill. App. 216, and *National Bank of Chambersburg v. Buckeye Iron & Brass Works*, 46 Ill. App. 526, and in the authorities there cited.

We are of opinion that it was immaterial whether

the New York Company had complied with the laws of this State or not, and that it could sell these typewriters to the Illinois Company regardless thereof, and that appellant could not be heard to refuse to turn over the machines on any such ground. Appellee had a meritorious cause of action and appellant had no defense. We find no errors in rulings on the evidence or instructions, which would require us to reverse the judgment, as the proof warranted the jury in finding the value of the property as they did.

There were but three witnesses, and one of those only on a matter of identification of papers, and yet a record of over two hundred and eighty-eight pages is presented. The bill of exceptions contains at length many arguments made by the attorney for the appellant. These speeches had no proper place in the bill of exceptions, unless and only so far as error was to be assigned upon or grew out of said remarks. *People v. Chytraus,* 183 Ill. 190; *People v. Jones,* 103 Ill. App. 189. They are also presented at length in the very voluminous abstract. If the trial judge had struck them out of the bill of exceptions, the record and the abstract would have been much briefer and our labors much less.

The judgment is affirmed.

*Affirmed.*