John Deere Plow Company of Moline, Appellant, v.
Georgia Marie Carmer, Appellee.

Gen. No. 8,482.

Opinion
filed April 14, 1931.

N. E. HUTSON, for appellant.

HERRICK & HERRICK, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from the judgment of the county court of Piatt county in a proceeding to try the right to property under the statute, concerning a Graham-Paige automobile and a Sparton radio. The court found the property right to be in the appellee, Georgia Marie Carmer. The facts proven, as disclosed by the record, are that Glenn F. Carmer, the husband of the appellee, was indebted to the appellant John Deere Plow Company of Moline in excess of the sum of $8,000; and that in the settlement of the indebtedness the appellant accepted a note from the debtor and the debtor's father for about one-half of the indebtedness; and for the remaining half the debtor gave his promissory note; also a bill of sale of the property mentioned, to secure the payment of the note. The bill of sale which was acknowledged before a notary public, and also recorded in Piatt county, is as follows:

"Know All Men by These Presents, That G. F. Carmer, of Bloomington, in the County of McLean and

State of Illinois, party of the first part, in consideration of one dollar ($1.00) in hand paid, the receipt whereof is hereby acknowledged, and of other good and valuable considerations does by these presents, sell and deliver to John Deere Plow Company of Moline, party of the second part, the following described personal property, to-wit:

> One Graham-Paige Sedan, Model 615, Engine No. 723,626, Serial No. 715633, Color Robin's Egg Blue, 1 Model 111 Sparton Console radio complete with tubes.

"It is hereby agreed, by and between the parties, that said personal property may be sold by second party at public or private sale, without notice, and that the proceeds of said sale, less the expense of taking, caring for, keeping, fitting, repairing and selling same, shall be applied as a credit on the indebtedness of said first party to said second party, as evidenced by certain promissory notes which said first party admits are unpaid at this date, as follows:

> One Note; Principal $4395.58 Date of Note April 25–30. Date Due Demand.

"It is further specially agreed, by and between the parties, that the delivery of said personal property to and the sale of the same by second party shall in no manner relieve or release first party from liability for payment, of any part of his said indebtedness upon said notes that may remain unpaid after the net proceeds of the sale of said personal property has been credited as aforesaid; and it is further agreed, that the net proceeds realized from the sale of said personal property may be applied by the second party on either or all of said notes as second party may elect, and the application of any money thus received will be considered as a voluntary payment of said first party on said note or notes as of the date on which said personal property is sold.

"In Witness Whereof, Said first party has hereunto set his hand the 21st day of May A. D. 1930.

(Sgd)      G. F. Carmer.

Signed and Delivered in the Presence of

H. W. Pike.                                    H. W. Porter."

It will be noticed that the bill of sale provides that the property embraced therein may be sold by the appellant at public or private sale without notice; and that the proceeds of said sale less the expense of taking, caring for, keeping, fitting, repairing and selling the same, shall be applied as a credit on the indebtedness of the debtor as evidenced by the promissory note referred to. At the time of the settlement in question and the execution and delivery of the bill of sale, the automobile and radio described therein were in the actual possession of appellee who was the debtor's wife; but who was living separate and apart from her husband; and residing with her father in McLean county. The appellant notified the appellee that it had a bill of sale for the property shortly after it had accepted it, and asked her to deliver the property therein described, but could not obtain the property from the appellee. While negotiations were going on with reference to that matter, the appellee on July 1, 1930, obtained a judgment note of her husband made to her for $2,222.20; and had an execution issued upon this judgment to the sheriff of Piatt county, which was levied on the property referred to on July 5, 1930; and the appellant thereupon gave notice to the sheriff of its claim to the property which resulted in the trial of the right of property mentioned. The court found that the title of the property was in the appellee and rendered judgment accordingly.

The appellant contends that under the evidence and the law the court should have found the title and right to the property in question in the appellant.

It is contended by the appellee that the bill of sale did not operate as a sale of the property to the appellant; that it is in effect a chattel mortgage, but as a chattel mortgage is not properly acknowledged and recorded so as to be valid as against the interest of appellee as a creditor.

It is also contended that the title to the property never passed by the bill of sale to the appellant because there was no delivery of the property. We are unable to agree with these contentions. The owner of personal property may convey title thereto to another person even though the property is in the possession of a third person where the third person does not claim to own it. *L. C. Smith & Bros. Typewriter Co. v. Blakemore,* 183 Ill. App. 14. Where the property is in possession of a third party as bailee, notice to such bailee of the sale of the property is sufficient to work a change of the legal possession to the vendee; and in such case an actual delivery of the property to the vendee is unnecessary even against attaching creditors of the vendor. *National Bank of Chambersburg v. Buckeye Iron & Brass Works,* 46 Ill. App. 526; *Hughes v. Stubblefield,* 21 Ill. App. 216. Where property in the hands of a bailee is sold by the owner and the bailee notified of such sale, such notice will work a change of the legal possession into the hands of the vendee and the consent of the bailee is immaterial. *Hodges v. Hurd,* 47 Ill. 363. Under the terms of the bill of sale in question, there is an absolute transfer of the property described therein, and the title to the appellant. The transaction therefore amounts to a sale. *St. Louis Iron & Machine Works v. Kimball,* 53 Ill. App. 636. A deed or a bill of sale given in satisfaction of indebtedness, cannot be declared to be a mortgage. *Osborne v. Morgan,* 171 Ill. App. 549. Where it appears that a bill of sale was absolute on its face, it will

require evidence of the clearest character to show that it was intended only as a mortgage. *Purington v. Akhurst,* 74 Ill. 490. The evidence in this case shows that the transfer of the property in question to the appellant was a bona fide sale; and that the appellee never claimed any ownership or title to the property in question, except as a judgment creditor; and that at the time of the execution of the bill of sale she held the property as the property of her husband, and she had knowledge of appellant's title long before obtaining the judgment against her husband, under which the levy was made.

Under the facts proved, we conclude that her rights to the property as a judgment creditor were subject to the rights of the appellant as the rightful owner of the same. The judgment finding the title of the property in the appellee is therefore erroneous. The judgment is reversed and the cause remanded with directions to the court, to render a judgment that the right of property is in the appellant.

*Reversed and remanded with directions.*