### John Deere Plow Company of Moline, Appellant, v. Georgia Marie Carmer, Appellee.

### Gen. No. 8,741.

Opinion filed February 1, 1933.

N. E. HUTSON, for appellant.

HERRICK & HERRICK, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In the above entitled cause, an opinion was filed by this court on April 14, 1931 (263 Ill. App. 307) together with an order reversing the judgment of the trial court and remanding the cause with directions to render a judgment that the right of property was in the appellant.

The Supreme Court granted a writ of certiorari, and on review of the cause, decided, that the direction by this court to render final judgment concerning the rights of property, was error.

In its opinion the Supreme Court makes the following finding:

"The John Deere Plow Company of Moline, a corporation, instituted a proceeding against Georgia Marie Carmer in the county court of Piatt county to determine the right of property in certain chattels.

At the close of the evidence introduced by the plaintiff, the defendant made a motion to dismiss the proceeding and to enter judgment in her favor. The motion was granted and judgment was rendered dismissing the proceeding at the costs of the plaintiff. Upon appeal, the Appellate Court for the Third District reversed the judgment and remanded the cause to the county court with directions to render judgment that the right of property was in the John Deere Plow Company. Georgia Marie Carmer thereafter applied to this court for a writ of certiorari. The prayer of her petition was granted and the record is here for a further review.

"Glenn F. Carmer, the husband of Georgia Marie Carmer, was engaged in business at Bloomington, in McLean county. On and prior to May 21, 1930, his indebtedness to the John Deere Plow Company, whose products he had sold, exceeded $8,000. Upon an accounting, he gave the company two notes,—one executed by himself and his father for approximately one-half, and the other, signed by himself, for the remainder of the indebtedness. Shortly after these notes were given, on May 21, 1930, he executed an instrument dated that day, by which, in consideration of one dollar and other good and valuable considerations, he sold and delivered to the company, the party of the second part, a Graham-Paige automobile and a Sparton radio. The instrument provided 'that said personal property may be sold by second party at public or private sale, without notice, and that the proceeds of said sale, less the expense of taking, caring for, keeping, fitting, repairing and selling same, shall be applied as a credit on the indebtedness of said first party to said second party, as evidenced by certain promissory notes which said first party admits are unpaid at this date, as follows: One note: Principal $4395.58, Date of note, April 25–30, Date due, demand;

. . . that the delivery of said personal property to and the sale of the same by second party shall in no manner relieve or release first party from liability for payment of any part of his said indebtedness upon said notes that may remain unpaid after the net proceeds of the sale of said personal property has been credited as aforesaid; and . . . that the net proceeds realized from the sale of said personal property may be applied by the second party on either or all of said notes as second party may elect, and the application of any money thus received will be considered as a voluntary payment of said first party on said note or notes as of the date on which said personal property is sold.'

"The execution and delivery of the instrument were attested by two witnesses and Carmer acknowledged its execution before a notary public in McLean county. The instrument was recorded in Piatt county on May 22, 1930. The automobile and the radio were in the possession of Georgia Marie Carmer, who lived with her father in the latter county, separate and apart from her husband. The plow company notified Mrs. Carmer that, by a bill of sale from her husband, it had acquired the automobile and the radio and requested her to deliver them to it. She promised to do so in case the differences between herself and her husband were adjusted. The property, however, was not delivered to the company. While these negotiations were in progress, Mrs. Carmer, on July 1, 1930, recovered a judgment by confession against her husband in the circuit court of DeWitt county for $2222.20 and costs. An execution upon this judgment was issued to the sheriff of Piatt county and was levied upon the automobile and the radio on July 5, 1930. Five days later the plow company gave the sheriff notice that it claimed ownership of these chattels and the trial of the right of property in the county court followed.

"The plaintiff in error, Georgia Marie Carmer, seeks a reversal of the Appellate Court's judgment upon several grounds. Only one of the errors assigned, however, needs to be considered. She insists that the Appellate Court, in reversing the judgment of the county court, erred in remanding the cause to that court with directions to render judgment that the right of property in the chattels was in the John Deere Plow Company because, in the state of the record, she could not, upon a remandment, be deprived of the right to introduce evidence in her own behalf.

"The trial in the county court was conducted without a jury. At the close of the evidence introduced by the claimant, the defendant in error in this court, a motion was made by the plaintiff in error for the dismissal of the proceeding with costs. The motion was granted, the proceeding was dismissed at the costs of the claimant, and exceptions to the court's ruling and judgment were preserved. In view of the county court's ruling upon the motion, no evidence was introduced by the plaintiff in error.

"Upon a jury trial, the motion to direct a verdict raises only a question of law respecting the legal sufficiency of the evidence to sustain a verdict against the party making the motion. (*Wolf v. Chicago Sign Printing Co.*, 233 Ill. 501; *Angus v. Chicago Trust and Savings Bank*, 170 id. 298; *Rack v. Chicago City Railway Co.*, 173 id. 289; *Marshall v. Grosse Clothing Co.*, 184 id. 421; *Martin v. Chicago and Northwestern Railway Co.*, 194 id. 138.) In the event of an adverse ruling on the motion to direct a verdict, an exception preserves the question of law for the consideration of an appellate tribunal. The submission of a question of fact to the jury does not waive the question of law already passed upon by the court where the rights of the party have been properly preserved. (*Wolf v. Chicago Sign Printing Co.*, 233 Ill. 501; *Chicago Union*

*Traction Co. v. O'Donnell,* 211 id. 349; *Illinois Central Railroad Co. v. Swift,* 213 id. 307; *Chicago Terminal Transfer Railroad Co. v. Schiavone,* 216 id. 275.) If, on the other hand, the motion to direct a verdict for the defendant is sustained, and the appellate tribunal, on review, holds that, as a matter of law, the trial court erred in granting the motion, the judgment of the trial court will be reversed and the cause remanded for a new trial. *Osgood v. Skinner,* 186 Ill. 491; *Clarke v. Supreme Lodge Knights of Pythias,* 189 id. 639.

"A motion to find for the defendant in a trial before the court without a jury concerns solely the sufficiency of the evidence to sustain a finding against the defendant and therefore raises only a question of law. (*Helm v. Commercial Men's Ass'n,* 279 Ill. 570; *Mc-Micken v. Safford,* 197 id. 540; *Conway v. Garden City Paving Co.,* 190 id. 89; *Smith v. Billings,* 169 id. 294.) If the court sustains the motion, judgment for the defendant necessarily follows. The allowance of the motion, however, is not an adjudication of the issues of fact. *Helm v. Commercial Men's Ass'n,* 279 Ill. 570; *Wolf v. Chicago Sign Printing Co.,* 233 id. 501.

"The motion made by the plaintiff in error in the county court raised a question of law, and the granting of the motion did not settle or determine the issues of fact. Since the county court did not adjudicate those issues, the Appellate Court, upon appeal, could not do so. The plaintiff in error has the right to an opportunity to offer evidence in her behalf before a judgment on the merits may be rendered against her. The Appellate Court, by its opinion, held that the county court's decision upon the question of law was erroneous and that the error required a reversal of the latter court's judgment. When the appellate Court reverses a judgment of the trial court in a common law action for error of law, it must remand the cause

to the trial court where the error may be corrected upon further proceedings. (*Simon v. Reilly*, 321 Ill. 431.) The statute provides that the trial of the right of property shall be conducted in the same manner as other trials before the county court, and may be by a jury if either party demands one. A remandment of the present cause to the trial court with specific directions finally concluding the rights of the parties was therefore not justified.

"The judgment of the Appellate Court is reversed and the cause is remanded to that court with directions to enter such judgment affirming or reversing the judgment of the county court as may seem proper to it, and if it reverses the judgment to remand the cause to the county court for further procedings." (*John Deere Plow Co. v. Georgia Marie Carmer*, 350 Ill. 104.)

On reconsideration of the case by this court, in accordance with the Supreme Court mandate, it is ordered that the judgment of the trial court be reversed and that the cause be remanded for further proceedings.

*Reversed and remanded.*