Vern G. Snyder, Plaintiff-Appellant, v. Robert A. Black, Inc., an Illinois Corporation, Defendant-Appellee.

Gen. No. 49,338.

First District, Third Division.
November 19, 1964.

Le Fevour and O'Bryan, of Oak Park (Thomas R. O'Bryan, of counsel), for appellant.

Levin & Upton, of Chicago (Roland C. Upton and Henry H. Caldwell, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

In this personal injury case the plaintiff appeals from the order of the trial court sustaining the defendant's motion for a directed verdict. In granting the motion, at the conclusion of the evidence, the court stated that it was of the opinion that the plaintiff was guilty of contributory negligence as a matter of law.

The facts of the case are substantially as follows: the plaintiff owns an automobile service station located on the northwest corner of the intersection of North Avenue and Prater Avenue in Northlake, Illinois. In 1956 the defendant company was engaged in repaving streets throughout Northlake, and its subcontractor, Charles Lenz & Co., was employed to excavate the streets marked for improvement and to haul away the excess materials. Sometime between September 20th and September 23rd the defendant and its subcontractor repaved Prater Avenue, and on September 23rd the street was reopened to traffic. However, part of the excavation remained in the shoulder of the road on the west side of Prater in front of the entrance to the plaintiff's station.

The plaintiff had been away from his station since September 20th and was not aware of the condition of the street. On September 23rd he received a phone call from one of his employees requesting him to tow a disabled automobile to the station. He left his home, picked up the automobile with his tow truck and proceeded towards the station. He drove west on North Avenue until he came to Prater Avenue, turned north on Prater and continued in that direction for 25 to 30 feet when he turned west to enter the station. It was 3:30 p. m. and the sun was directly in his eyes. He was traveling at about 5 to 10 miles per hour. As he approached the entrance the front end of the tow truck struck the excavation which had been left in the shoulder and the plaintiff was thrown out of the cab of the truck.

The plaintiff testified that when he turned to enter the station he saw nothing in the road and that there were no barricades or warning signs in the area of the excavation. The employee who had telephoned the plaintiff testified that, while he was pumping gas

into an automobile, he heard a loud noise, saw the tow truck suspended into the hole and the plaintiff lying beside the truck. Another witness, who lived across the street from the gas station, testified that the hole was about a foot and a half deep and that there were no signals, lights or barricades. A policeman, who arrived on the scene after the accident, said that he saw the front end of the truck sunk in the hole which he described as being deep, and that there was no warning device of any kind blocking the excavation.

The test to be applied to a defendant's motion for a directed verdict, at the close of the evidence, is whether there is any evidence or reasonable inferences arising from the evidence, tending to prove the cause of action alleged in the complaint. On such a motion, in a jury trial, the court does not weigh the evidence or the inferences that can be drawn from the evidence; these are questions for the jury. The court must decide if the plaintiff's evidence fails, as a matter of law, to support his complaint. It becomes a question of law only where the evidence is such that all reasonable men would reach the same conclusion or where there is a total failure to prove one or more of the necessary elements of the cause of action. Lutz v. Chicago Transit Authority, 36 Ill App2d 79, 183 NE2d 579; Home Indemnity Co. v. Reynolds & Co., 38 Ill App2d 358, 187 NE2d 274. One of the elements necessary to a plaintiff's cause of action in a personal injury suit is proof that the plaintiff was exercising due care for his own safety. As a general rule, the question of due care or contributory negligence is one of fact which must be submitted to the jury. If the issue requires the weighing of conflicting evidence or permits the drawing of different inferences, the issue is for the jury to decide. Only where the evidence of due care is so clearly insufficient that all reasonable minds would agree that there was contributory negli-

gence does it become a question of law. Loveless v. Warner, 37 Ill App2d 204, 185 NE2d 392; Pinkerton v. Oak Park Nat. Bank, 16 Ill App2d 91, 147 NE2d 390.

■ We are of the opinion, under the facts of this case, that reasonable minds could differ on the question of contributory negligence and that the issue should have been submitted to the jury. The plaintiff was sitting high in the cab of his tow truck; the sun was in his eyes, and he was driving slowly. More important, he was unaware that the shoulder of the road in front of the driveway to his station had been excavated and there were no warning signs to bring this condition to his attention. The defendant argues that the controlling rule which should be applied is that the law will not tolerate a plaintiff saying he looked and did not see a dangerous condition, when if he had looked he would have seen it. This rule has been applied in some cases, particularly those involving railroad crossings where the plaintiff had an unobstructed view of an approaching train. The rule assumes that the danger was clearly visible and that a plaintiff could have observed it if he had been looking. The rule has no application under the facts of this case.

■ The defendant advances the further argument that the court's decision was correct because the plaintiff did not prove that the defendant was in control of the excavating work and was reponsible for the failure to provide adequate warning signs or barricades adjacent to the excavation at the entrance to the service station. One of the employees of the defendant, the assistant to the general superintendent, testified that the company which performed the actual excavation of the road was its subcontractor and that directions were given by the defendant company to the subcontractor and its employees as to what work

was to be performed and how it was to be done. He also stated that it was his duty to supervise the foremen who were running the various jobs for the defendant, that he had instructed the men to place barricades where there were hazardous conditions and that when the work was completed it was inspected by a foreman of the defendant. This evidence was sufficient to raise a question of fact as to whether the defendant had the duty to warn motorists of the excavation. This again was for the jury to determine and not the court.

Finally, the defendant contends that in its answer to the complaint it made affirmative allegations which were not denied by the plaintiff and were therefore admitted. Ill Rev Stats, 1963, c 110, § 40(2). The allegations referred to were merely denials of the charges in the plaintiff's complaint. One of them denied that the defendant had a duty to provide barricades to warn the public or that it breached such duty; another denied that it negligently permitted the street to remain in an unsafe condition without proper barricades; another denied that the plaintiff was in the exercise of due care for his own safety or that the plaintiff's injuries were caused by the defendant. There is no requirement that a plaintiff must deny a defendant's denials of the allegations which were asserted in the complaint. The answer merely joined the issues and did not raise any affirmative defense or new matter which required a reply.

It is our conclusion that the evidence, when viewed in a light most favorable to the plaintiff, presented a prima facie case which should have been submitted to the jury. The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

SCHWARTZ, P. J. and SULLIVAN, J., concur.