Alexander Rzeszutko, Plaintiff-Appellant, v. Ida Margolis Yellin, Defendant-Appellee.

Gen. No. 49,916.

First District, First Division.

June 14, 1965.

A. Denison Weaver, and Sheehan, Romey & O'Keeffe, of Chicago, for Appellant.

Frank Glazer, of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury case, in which plaintiff appeals from a verdict directed in favor of defendant at the close of plaintiff's case. Plaintiff was injured when he fell into an open basement trap door, while walking in the dark in the unlighted backyard of premises occupied by plaintiff and his family as tenants. Plaintiff contends there was evidence in the record which fairly tended to prove all of the necessary elements of plaintiff's action.

The primary question is whether plaintiff's failure to file a post-trial motion for a new trial bars our consideration of this appeal on its merits. A motion of defendant to dismiss the appeal on this ground was taken with the case, because of plaintiff's suggestion that the "motion to dismiss be denied at this time, which would then give both parties the opportunity to fully brief and argue this point as part of the appeal."

Defendant, in her motion and brief, cites section 68.1(2) and (5) of the Civil Practice Act (Ill Rev Stats c 110); Knab v. Alden's Irving Park, Inc., 49 Ill App2d 371, 199 NE2d 815 (1964); and City Nat. Bank & Trust Co. of Rockford v. Almond, 42 Ill App2d 314, 192 NE2d 297 (1963).

In Knab v. Alden's, it was argued that no relief should be granted third-party defendants "since they filed their post-trial motion late." On page 389, the court said:

"Collins argues that no question could be raised as to the time when their post-trial motion was

filed since there was no necessity for the filing of a post-trial motion where a verdict was directed. In spite of the holding in Mann v. Sanders, 29 Ill App2d 291, 173 NE2d 12 (3d Dist 1961) (Abst), we hold that such is not the law. Under the provision in sec 68.1(2) of the Civil Practice Act, '. . . A party may not urge as error on review of the ruling of his post-trial motion *any point, ground, or relief* not particularly specified in the motion.' Sec 68.1(5) provides that 'Any party who fails to seek a new trial in his post-trial motion, either conditionally or unconditionally, as herein provided, waives the right to apply for a new trial, except in cases in which the jury has failed to reach a verdict.' "

In City Nat. Bank & Trust Co. v. Almond, there was a post-trial motion, which the Appellate Court examined and found (p 317) "too general to advise either this court or the trial court with any degree of precision as to just what was wrong on the trial of the case. Even if abstracted it would have furnished us with no precise points for consideration. . . . In the case at bar we stand at the threshold with the way barred by well accepted rules which preclude our consideration of this case on the merits."

Plaintiff argues that "inasmuch as this is not an appeal from a finding by the jury, but on the contrary an appeal of the order directing a verdict in favor of defendant, only a question of law is involved, namely, the *legal* sufficiency of the evidence to sustain a verdict against the defendant, the question was preserved for review by virtue of the allowance of the motion." Cases cited are John Deere Plow Co. of Moline v. Carmer, 350 Ill 104, 182 NE 762 (1932), and Mann v. Sanders, 29 Ill App2d 291, 173 NE2d 12 (1961).

Plaintiff also argues that defendant's authorities are not in point, and that "the purpose of a post-trial motion is to review questions of fact not law. What possible purpose would be served by filing a post-trial motion before the trial court who had just directed a verdict after considering the evidence presented on behalf of the plaintiff."

■■ We have considered the question at length and conclude that section 68.1(5) applies to the instant situation. The purpose of a post-trial motion for a new trial is to give the trial court an opportunity to correct any trial errors, and this includes consideration of a ruling on a motion for a directed verdict. We hold that where a verdict was directed in favor of defendant at the close of plaintiff's evidence in a jury trial, and plaintiff seeks a new trial, a post-trial motion is required, and in the absence of a post-trial motion, plaintiff "waives the right to apply for a new trial."

■ We conclude that plaintiff's failure to file a post-trial motion in this case prevents our consideration of this appeal on its merits. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.