**John M. Keen, Administrator of the Estate of Carol June Keen, Deceased, Plaintiff-Appellant, v. Alva C. Davis, Doing Business as Alva C. Davis Drilling Company, Willard Tullis, John Davis, Doing Business as John Davis Excavating Company, and Clarence Taylor, Defendants-Appellees.**

Gen. No. 65–115.

Fifth District.

October 28, 1966.

Hanagan & Dousman, of Mt. Vernon, for appellant.

Jack E. Horsley and Richard F. Record, Jr., of Craig & Craig, of Mattoon, for appellees Alva C. Davis and Willard Tullis, and John C. Robison, of Marshall, Feiger, Robison & Quindry, of Fairfield, for appellees John Davis and Clarence Taylor.

GOLDENHERSH, P. J.

Plaintiff appeals from the judgment of the Circuit Court of Wayne County, entered upon allowance of defendants' motions for a directed verdict at the close of the plaintiff's case.

Defendants have filed a motion to dismiss the appeal on the ground that plaintiff, having failed to file a post-trial motion, has waived the right to apply for a new trial, and the failure to file such post-trial motion prevents consideration of the appeal on its merits. The motion to dismiss the appeal was taken for consideration with the case.

The issue presented by defendants' motion was considered and decided by the Appellate Court for the First District in Rzeszutko v. Yellin, 61 Ill App2d 164, 208 NE2d 872, by the Appellate Court for the Second District in Malcomson v. Bennett, 69 Ill App2d 281, and the Appellate Court for the Third District (now the Fourth District) in Mann v. Sanders, 29 Ill App2d 291, 173 NE2d 12. The

First and Second Districts held that section 68.1(5) of the Civil Practice Act (c 110, § 68.1(5), Ill Rev Stats 1965) is applicable, and allowed motions to dismiss the appeals. The holding in Mann v. Sanders (supra) is to the contrary.

Section 68.1 of the Civil Practice Act (c 110, Ill Rev Stats) provides, in part:

"(1) If at the close of the evidence, and before the case is submitted to the jury, any party moves for a directed verdict the court may (a) grant the motion or (b) deny the motion or reserve its ruling thereon and submit the case to the jury. If the court denies the motion or reserves its ruling thereon, the motion is waived unless the request is renewed in the post-trial motion."

"(2) Relief desired after trial in jury cases, heretofore sought by reserved motions for directed verdict or motions for judgment non obstante veredicto, for judgment notwithstanding the verdict, in arrest of judgment or for new trial, must be sought in a single post-trial motion. . . . The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief. . . . A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion."

. . . . . .

"(5) Any party who fails to seek a new trial in his post-trial motion, either conditionally or unconditionally, as herein provided, waives the right to apply for a new trial, except in cases in which the jury has failed to reach a verdict."

Prior to the 1955 amendment, the only provision of the Civil Practice Act pertaining to directed verdicts, was found in section 68(3)(a). A party adversely affected by a ruling on a motion for directed verdict had an exception "as a matter of course." The only provision for post-trial motions (§ 68(1)) required that a motion be filed if the post-trial relief sought was judgment non obstante veredicto, arrest of judgment, or a new trial.

The effect of the 1955 amendments (§ 68.1, supra) was to require the renewal of a motion for directed verdict in a post-trial motion, but there is no provision for a post-trial motion by the party against whom the verdict is directed.

■ We agree with our colleagues in the First District that "the purpose of a post-trial motion for a new trial is to give the trial court an opportunity to correct any trial errors . . . ." (Rzeszutko v. Yellin, 61 Ill App2d 164, 167, 208 NE2d 872). This, however, does not enable us to read into the Civil Practice Act a requirement for a post-trial motion where the Act contains no such requirement.

■ A motion for a directed verdict presents the single issue of whether the plaintiff's evidence, considered together with all reasonable inferences from it, in its aspect most favorable to the plaintiff, fails to prove any necessary element of the plaintiff's case, Hulke v. International Mfg. Co., 14 Ill App2d 5, 142 NE2d 717, and raises only a question of law. Wolf v. Chicago Sign Printing Co., 233 Ill 501, 84 NE 614; John Deere Plow Co. of Moline v. Carmer, 350 Ill 104, 182 NE 762. The ruling on the motion is solely an act of the court, and envisioning any participation by the jury in rendering a verdict at the direction of the court, is pure legal fantasy.

■■ In our opinion, the provisions of section 68.1 express the legislative intent that a post-trial motion be required only in those cases in which a jury has actually

rendered a verdict. This is evidenced by the fact that no such motion is required in cases in which the jury has failed to reach a verdict (§ 68.1(5)), or in nonjury cases (§ 68.3). Absent a clear and unequivocal statutory directive, neither precedent nor logic make mandatory a motion for new trial in a situation where only one issue is presented, when the Civil Practice Act specifically states no such motion is necessary in a nonjury case, which might involve multiple and complex issues.

We hold that no post-trial motion was required, and the motion to dismiss the appeal is denied.

On August 8, 1964, Carol June Keen, suffered injuries, resulting in her death, in a collision between an automobile driven by her, and a truck. This suit is brought by the plaintiff, John M. Keen, as administrator of her estate.

The defendant, John Davis, doing business as John Davis Excavating Company, is the owner of a truck, which at the time in question, was being driven by defendant, Clarence Taylor.

The defendant, Alva C. Davis, doing business as Alva C. Davis Drilling Company, is the owner of a truck, which at the time of the occurrence, was being driven by defendant, Willard Tullis, and it was with this truck that decedent's automobile collided. There was no contact between decedent's automobile and the truck driven by Taylor.

The collision occurred on a gravelled country road in Wayne County. At the time of the collision, Mrs. Keen was driving in a westerly direction, and the two trucks were being driven east.

Clyde Robbins testified that the road extends generally east and west, is gravelled, and there is a ditch approximately two feet deep on each side of the road. He stated it had not rained since June 19th, and the road was dry and dusty. Vehicles traveling over the road raised clouds

of dust which obstructed the view of the road from his home, which is situated approximately 15 to 20 feet off the road.

To the west of Robbins' home the road makes a junction with a north-south road and there are stop signs at that point. Approximately 1,600 feet to the east of the junction, the road goes over a narrow bridge. He placed the collision as occurring about 800 feet west of this bridge.

He testified further that there were three paths or tracks in the road, one on each side and a center track. Vehicles normally traveled with their left wheels in the center track.

He heard of the collision immediately after it occurred, and went to the scene. The vehicles had not been moved, and he identified a photograph as correctly portraying the position of the vehicles at the time of his arrival. The photograph shows the left front fender of Mrs. Keen's automobile up against the left front fender of the truck. The front of the automobile was badly damaged, while only the left fender of the truck shows any evidence of damage. Mr. Robbins stated that "the two vehicles met with their left front wheels, both of them, in as near the center of the road as possible." The automobile was "angled a little to the southwest."

Larry Murphy testified that he arrived at the scene shortly after the collision, and both vehicles were "pretty well in the center of the road."

Defendant, Clarence Taylor, called by plaintiff under section 60 of the Civil Practice Act, testified that he was driving a truck carrying an oil rig weighing approximately 35,000 pounds, that he had made a left turn onto the gravel road at the above described junction, the road was dry and the weather dry and clear. Defendant, Tullis, was following about 400 feet behind him in a truck which, with its cargo, weighed approximately 60,000 pounds, he saw Tullis' vehicle as he made the turn, after the turn he

was moving very slowly, by the time his vehicle attained a speed of 5 to 10 miles per hour, the dust became so high he could not see behind him, the wind was blowing from the southwest at 2 to 5 miles per hour, Mrs. Keen's westbound automobile passed him when he was about 100 to 150 feet east of the bridge at which time she was traveling 30 to 35 miles per hour, he, at that time was accelerating his speed above 10 miles per hour; after the vehicles passed, he did not see her any more because she was enveloped in the cloud of dust to the rear of his truck. When the dust settled he saw there had been a collision, and ran to the scene. His description of the position of the vehicles at that time is substantially the same as Robbins'; and he, too, identified the photograph as correctly portraying what he saw at that time.

Defendant, Tullis, called under section 60 of the Civil Practice Act, testified that he had been following Taylor, at the time he made the turn at the junction he could "see farther," but just prior to the collision he could see only 25 or 30 feet because of the dust cloud raised by Taylor's truck, he was driving 15 or 20 miles per hour, he did not reduce his speed and did not stop to give the dust time to clear. He stated Mrs. Keen "came out of the dust." At that time he was driving with the right side of his truck two feet from the south edge of the road. When he saw her, he put both feet on the brake and his truck had slowed somewhat at the time of the collision.

There is no testimony as to the width of the road at the point of collision. The witnesses fixed the time of the occurrence at approximately 1:15 p. m.

The complaint is in two counts. Count I charges all defendants with negligence and Count II, with wilful and wanton misconduct.

At the close of the plaintiff's case, the court directed a verdict in favor of all defendants, on both counts, and this appeal followed.

Plaintiff contends that the court erred in directing the verdict in defendants' favor in that the evidence made a prima facie case of plaintiff's decedent's freedom from contributory negligence and of defendants' negligence. Plaintiff argues that plaintiff's decedent cannot be held to have been guilty of contributory negligence as a matter of law because reasonable minds could differ on this issue in light of the evidence adduced. As to defendants' negligence, plaintiff contends that defendant, Taylor, was negligent in driving at a rate of speed which would create a dust cloud to obscure the vision of the decedent and others using the highway, and in failing to warn the decedent that another truck was following, thus endangering the safety of the decedent who had no means of knowing that there was another vehicle hidden by the dust cloud.

As to the defendant, Tullis, plaintiff argues that the evidence makes a prima facie case that defendant followed the Taylor vehicle too closely, that he failed to give plaintiff's decedent one-half of the traveled portion of the road, and that he was negligent in driving into the dust cloud when he knew that in so doing he was endangering westbound traffic.

Defendants contend that the evidence fails to sustain plaintiff's burden of proof on either the issue of the decedent's freedom from contributory negligence, or the negligence of the defendants.

Plaintiff has not cited, nor has the court found, any authority for the proposition that driving a vehicle at such speed as to create a cloud of dust is of itself prima facie evidence of negligence. The added fact that another vehicle was known to be following at a distance of several hundred feet is not sufficient to make a prima facie case of negligence against the defendants, John Davis, doing business as John Davis Excavating Company, and Clarence Taylor, and as to these defendants, the trial court

properly directed a verdict in their favor, on both counts of the complaint.

■ The testimony of defendant, Taylor, shows that when his truck met decedent's automobile, they passed without mishap and she was driving on the north side of the road. Taylor's vehicle was proceeding eastwardly and continued to raise a cloud of dust. We have examined the authorities cited and discussed by counsel, and conclude that the question of whether plaintiff's intestate, in continuing to drive in a westwardly direction after passing the vehicle driven by defendant, was in the exercise of due care and caution, was a question of fact for the jury. Snyder v. Robert A. Black, Inc., 53 Ill App2d 327, 203 NE2d 1. Had she stopped, another westbound vehicle likewise confronted with a choice of stopping, or continuing to travel through the dust cloud created by Taylor's truck, might have struck her from the rear, and we cannot say that the choice she made constituted contributory negligence as a matter of law.

■ ■ "The exercise of due care need not be established by direct and positive testimony but may be inferred from all the facts and circumstances shown to exist prior to and at the time of the collision." Royer v. Graham, 45 Ill App2d 22, 30, 195 NE2d 244. The circumstance of plaintiff's decedent driving on the proper side of the road at the time when Taylor's truck passed her automobile is sufficient, under the evidence in this case, to make a prima facie case that the decedent was in the exercise of due care. Miller v. Pillsbury Co., 33 Ill2d 514, 211 NE2d 733.

■ There is no testimony as to the width of the road. Plaintiff offered in evidence a photograph portraying the scene and the position of the vehicles after the collision. Larry Fox, who appears in the photograph, was called as a witness by plaintiff, and testified as to the

distance between where he is shown to be standing and the place where a state trooper appears. This testimony, considered with the testimony of defendant, Tullis, that he was driving with the right side of his vehicle two feet from the south edge of the road, the testimony with regard to the "center track" in which the left wheels of both vehicles were traveling, and the position of the vehicles after the collision, is sufficient to create an issue of fact as to whether defendant, Tullis, was negligent. As stated by the Appellate Court for the First District in Snyder v. Robert A. Black, Inc., 53 Ill App2d 327, 203 NE2d 1 at page 330: "The test to be applied to a defendant's motion for a directed verdict, at the close of the evidence, is whether there is any evidence or reasonable inferences arising from the evidence, tending to prove the cause of action alleged in the complaint. On such a motion, in a jury trial, the court does not weigh the evidence or the inferences that can be drawn from the evidence; these are questions for the jury. The court must decide if the plaintiff's evidence fails, as a matter of law, to support his complaint. It becomes a question of law only where the evidence is such that all reasonable men would reach the same conclusion or where there is a total failure to prove one or more of the necessary elements of the cause of action."

The evidence here, when viewed in the light most favorable to plaintiff, presented a prima facie case as to the count charging defendants Alva C. Davis, doing business as Alva C. Davis Drilling Company, and Willard Tullis with negligence, and the court erred in directing a verdict in favor of these defendants.

In Schneiderman v. Interstate Truck Lines, 394 Ill 569, 69 NE2d 293, at page 583, the Supreme Court said: "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances

exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." Under this definition, defendant, Tullis' testimony that he drove 15 to 20 miles per hour into a cloud of dust which reduced his range of vision to 25 or 30 feet, did not reduce his speed, and with the right side of his vehicle two feet from the right side of the road, considered together with the testimony of Larry Fox, the testimony as to position of the vehicles and the description of the road, make a prima facie case of wilful and wanton misconduct as to these defendants, and the court erred in directing a verdict on this count.

For the reasons herein set forth the judgment entered in favor of the defendants John Davis, doing business as John Davis Excavating Company, and Clarence Taylor is affirmed. The judgment entered in favor of defendants, Alva C. Davis, doing business as Alva C. Davis Drilling Company, and Willard Tullis is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Judgment affirmed in part, reversed in part, and cause remanded.

EBERSPACHER and MORAN, JJ., concur.