(No. 40385.—

JOHN M. KEEN, Administrator of the Estate of CAROL JUNE KEEN, Appellee, *vs.* ALVA C. DAVIS, d/b/a ALVA C. DAVIS DRILLING COMPANY, *et al.*, Appellants.

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

UNDERWOOD, J., specially concurring.
KLUCZYNSKI, J., took no part.

Jack E. Horsley and Richard F. Record, Jr., both of Mattoon, (Fred H. Kelly, of counsel,) for appellants.

Hanagan & Dousman, of Mt. Vernon, for appellee.

Mr. Justice House delivered the opinion of the court:

In this case we are called upon to resolve the differences between the several appellate courts as to whether a post-trial motion must be filed following a directed verdict as a prerequisite to appeal. The circuit court of Wayne County directed a verdict for all defendants at the close of plaintiff's case. No post-trial motion was filed. The Appellate Court, Fifth District, denied defendants' motion to dismiss the appeal and reversed the judgment. (76 Ill. App. 2d 49.) We granted leave to appeal.

The appellate courts have been sharply divided on the question of necessity of a motion for a new trial after a directed verdict. In *Mann v. Sanders,* 29 Ill. App. 2d 291, (the then Third District) it was held that a motion to direct a verdict presents only a legal question and is subject to review without a motion for a new trial. The First District took the opposite view in *Knab* v. *Alden's Irving Park, Inc.,* 49 Ill. App. 2d 371, based upon its interpretation of sections 68.1(5) of the Civil Practice Act (Ill. Rev. Stat. 1965, chap. 110, par. 68.1(5),) and in *Rzeszutko* v. *Yellin,* 61 Ill. App. 2d 164, where it was stated that the purpose of a post-trial motion for a new trial is to give the trial court an opportunity to correct errors, including consideration of a ruling on a motion for directed verdict. The Third District followed *Knab* in *Starkey* v. *Brown Oil Co.,* 74 Ill. App. 2d 270.

The Second District followed the *Rzeszutko* case in *Malcomson* v. *Bennett,* 69 Ill. App. 2d 281, but reversed itself later in the same year in the following language: "When a judge directs a verdict at any stage of the trial, in effect, he has removed the case from the realm of the

rules relating to jury cases and the rules applicable to bench trials should apply. It seems illogical to require a party to address the same arguments to the same judge on the identical questions before proceeding to review by an appellate tribunal." *Larson* v. *Harris,* 77 Ill. App. 2d 430, 434.

Supreme Court Rule 240, effective January 1, 1967, reads: "The order of the court granting a motion for a directed verdict is effective without any assent of the jury." It follows the prevailing trend of doing away with useless form and, as noted by the committee comment, the new rule "eliminates an archaic and futile ceremony." We see nothing in the statute to indicate a legislative intent that a post-trial motion be filed after a directed verdict. In fact, the contrary is indicated since no such motion is required in non-jury cases (section 68.3) or cases in which a jury has failed to reach a verdict. (Section 68.1(5).) The motion to dismiss the appeal was properly denied by the appellate court.

The facts are detailed in the opinion of the appellate court and will be repeated only to the extent required for an understanding of the issues. Plaintiff's intestate, Carol June Keen, accompanied by her two infant children, was driving west on a country-rock road which was very dusty and in which three tracks had been worn, one being in about the center. Clarence Taylor was driving east pulling a trailer upon which was a drilling rig weighing 25 to 30 tons, owned by John Davis. He was followed by another truck owned by Alva C. Davis being driven by Willard Tullis. The Taylor vehicle was traveling slowly and raising a heavy cloud of dust when it met decedent's automobile which was traveling at 30 to 35 miles per hour. The truck driven by Tullis followed at a distance of about 400 feet with its right wheels about two feet from the edge of the road, and was traveling 15 to 20 miles per hour with a visibility of 25 to 30 feet. When the decedent's automobile became visible in the enveloping dust cloud Tullis immediately applied his brakes. The two vehicles collided and came

to rest in approximately the center of the road, each approximately an equal distance from its edge.

Both of the employers and the drivers were made parties defendant. The court directed a verdict for all defendants and the appellate court reversed as to the defendant Alva C. Davis and his driver, Tullis.

For some time this court has not been satisfied with our method of determining when questions of negligence and contributory negligence become questions of law. Considerable study has been devoted to the problem in an effort to promulgate a rule for determining when direction of a verdict or judgment *n.o.v.* is justified. The situation in this and other jurisdictions was extensively reviewed in the recent case of *Pedrick* v. *The Peoria and Eastern R.R. Co.* (37 Ill.2d 494), where it was said: "We are not completely certain that the rule heretofore used in this State in determining when questions of negligence and contributory negligence become questions of law, *i.e.* only when all reasonable men would agree that due care had or had not been exercised, is the most workable in practical application. * * * Nor, as earlier stated, does it seem to us that the any-evidence rule or any of its variants (no conflict in the evidence; scintilla rule) is entirely satisfactory, for literal application thereof prohibits direction of a verdict even though the evidence relied upon in opposition is so overwhelmingly rebutted that no verdict based thereon could possibly stand. * * * Rather, we believe the rule is best which in some form finds favor in other States heretofore indicated and which has, in part, been heretofor recognized in this State." 37 Ill.2d at 510.

The rule then adopted reads: "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all the evidence, when viewed in its aspects most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." 37 Ill.2d at 510.

Applying the rule to the facts of this case, we are of the opinion that the trial court properly directed the verdict as to all defendants. Under this state of facts plaintiff could never establish the two elements necessary to a recovery, *i.e.,* that defendants were negligent and that his intestate was free from contributory negligence.

The judgment of the Appellate Court, Fifth District, is affirmed as to defendants John Davis, doing business as John Davis Excavating Company, and Clarence Taylor, but is reversed as to the defendants Alva C. Davis, doing business as Alva C. Davis Drilling Company, and Willard Tullis; and the judgment of the circuit court of Wayne County is affirmed.

*Affirmed in part, and
reversed in part.*

Mr. JUSTICE UNDERWOOD, specially concurring:

In ruling that a post-trial motion is not necessary following the direction of an adverse verdict and entry of judgment thereon, the majority finds that such a result was intended by the legislature. Quite the contrary seems to me to be true. Section 68.1(2) of the Civil Practice Act provides in part: "A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion." (Ill. Rev. Stat. 1965, chap. 110, par. 68.1.) It follows from a literal reading of this provision that the absence of a post-trial motion prevents appellate review of any alleged errors made during the course of a civil jury trial. Section 68.1(5) provides: "Any party who fails to seek a new trial in his post-trial motion, either conditionally or unconditionally, as herein provided, waives the right to apply for a new trial, except in cases in which the jury has failed to reach a verdict." Literally read, these two provisions plainly apply to all civil jury trials, except those in which the jury failed to agree; their inclusiveness indicates to me

a legislative intent to require a post-trial motion in all civil jury trials except those specifically excluded. See *American Steel Foundries* v. *Gordon,* 404 Ill. 174, 180-1.

The majority evidently agrees with the argument employed by the Second District Appellate Court in *Larson* v. *Harris,* 77 Ill. App. 2d 430, to the effect that the rules applicable to a bench trial should be applied to allow appeal of directed verdict cases without a post-trial motion rather than requiring the presentation of the same argument on the same issue to the same judge. I do not find this argument persuasive for it is frequently necessary in connection with post-trial motions to do precisely this. The purpose of a post-trial motion is to give the trial court an opportunity to correct any errors in the trial and eliminate the necessity of appeal. These errors are not infrequently made by the judge himself, and argument on the post-trial motion in such cases ordinarily requires presentation of essentially the same argument to the same judge. I do not regard this as a completely meaningless exercise, however, since it does afford the judge an opportunity for a more deliberate consideration of the propriety of the action which he took originally amid the pressures of a jury trial.

I see little logic in eliminating post-trial motions as unnecessary to preserve for review a trial court's action in directing a verdict and requiring such motions to preserve all other judicial errors. As I read the opinion of the court, it is impliedly assumed that a trial judge who directed a verdict will never, after argument on a post-trial motion, change his mind, and that to require such motion in those cases is an "archaic and futile ceremony." Concededly, a post-trial motion following a directed verdict may not often succeed, but I would not attribute to our trial judges such an absence of objectivity as to say they will never recognize their error, if error it was.

While, if I thought it an open question, I would not necessarily disagree with the majority conclusion that a

post-trial motion should not be required in directed verdict cases, I believe the legislature has determined that it should be. Sufficiently substantial reasons do exist to make the desirability of such a requirement a debatable question and it seems to me inappropriate for this court to infer from the statutory language a contrary intent for which I find no support therein.

Accordingly, I agree that we should reinstate the judgment of the circuit court of Wayne County, but I would do so on the ground that claimed errors therein are not subject to review.

Mr. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.