BERNARDINO LIBERIO, Plaintiff-Appellee, *v.* THOMAS PATTON, Defendant-Appellant.

(No. 56434; )

First District—January 18, 1973.

John M. O'Connor, Jr., and Dennis P. Ryan, both of Kirkland & Ellis, of Chicago, for appellant.

Eugene Propp and David V. Schultz, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

This is a personal injury and property damage action arising from the collision of two automobiles at the intersection of North and Springfield avenues, Chicago, in the early evening of June 1969. At the close of the evidence the trial court directed a verdict for the plaintiff on the issue of liability and submitted the issue of damages to the jury. The jury assessed the plaintiff's damages at $3,500. Judgment was entered upon the verdict and the defendant appeals. His principal contention is that the court erred in directing the verdict.

North avenue is a six lane, east-west arterial street; Springfield is a four lane, north-south street with stop signs at North avenue. The plaintiff, Bernardino Liberio, was driving his auto north on Springfield; the defendant, Thomas Patton, was driving his east on North avenue. There were three women and a girl in Liberio's car, four men in Patton's.

Liberio testified that after pausing for the stop sign at North avenue, he looked to the west and observed that all eastbound traffic was halted by a red stoplight at Pulaski road, two blocks west of Springfield. He entered the intersection with the intention of making a left-hand turn, crossed the first two lanes and most of the third, stopped near the center of North avenue at the divider which separated east and westbound traffic and waited for a break in the traffic going west. Two or three minutes elapsed while he was waiting; the light at Pulaski had changed and he saw Patton's car approaching when it was about 50 feet away. He could not turn into the westbound lanes because of the traffic and was struck by Patton's car.

Patton testified that when the red light at Pulaski turned green, he proceeded east in the third lane at about 20 miles an hour. Another vehicle was next to him in the second lane. When they were about 25 feet from Springfield, the Liberio auto went through the stop sign and entered North avenue. He applied his brakes and sounded his horn; the vehicle alongside of him swerved to the right. Although his car slowed down considerably, it struck Liberio's auto, which was then in the third lane, in the left rear.

None of the four passengers in Liberio's car testified; the four passengers in Patton's did. Patton's passengers either saw Liberio's auto prior to the accident or were alerted to it when Patton put on his brakes. The man who was seated behind Patton saw Liberio enter their lane of traffic when they were only 35 feet away. The man who was seated next to this passenger saw Liberio from the distance of 50 feet. He said Liberio drove into North avenue while he was looking to the east. Two of the passengers and a pedestrian who was walking nearby did not know if Liberio's auto was moving or stopped at the time of the collision. Patton's prior speed was estimated at 30 to 35 miles an hour and his testimony about the vehicle in the lane next to him was corroborated by several witnesses. The pedestrian testified that he heard the sound of screeching brakes and saw this vehicle veer to the right and keep on going. He said that Patton's car was traveling about five miles an hour at the time of impact and there were skidmarks from his car 20 or 25 feet long.

■■■ Based upon the foregoing evidence the trial court instructed the jury that Patton was responsible for the collision. Generally speaking, a jury, as the fact-finding body, has the function of resolving conflicts in

the evidence and making the ultimate determination of liability. (*Kerz v. Arkin* (1971), 2 Ill.App.3d 1507, 278 N.E.2d 124; *Snyder v. Robert A. Black, Inc.* (1964), 53 Ill.App.2d 327, 203 N.E.2d 1.) The trial court may, however, make a preliminary evaluation of the evidence and may, in those cases in which all the evidence so overwhelmingly favors one party that no verdict contrary to that party could be allowed to stand, determine liability and direct the jury to find accordingly. Conversely, when the evidence discloses a substantial factual dispute on either the issue of the plaintiff's due care or the defendant's negligence, or where the assessment of the credibility of the witnesses may be decisive, the court may not direct a verdict. *Adkins v. Chicago, Rock Island and Pacific R. R. Co.* (1971), 2 Ill.Ap.3d 906, 274 N.E.2d 507.

■■ In this case there was a substantial factual dispute and the conflicting testimony of the witnesses brought their credibility into question. Liberio said he stopped at the stop sign before he entered North avenue; Patton said he did not. Liberio testified his auto was stopped two or three minutes before it was struck; Patton and two witnesses testified it was moving. Liberio said he looked to the west when he entered the intersection; a witness said he was looking the other way. Furthermore, Liberio testified he observed Patton's car when it was 50 feet from him; in a deposition he stated he did not see the car until the impact. There was a third vehicle parallel to Patton in the second lane of traffic. The pedestrian's and Patton's uncontradicted testimony that this vehicle swerved to the right as it neared Springfield avenue would justify the inferences that Liberio's auto was moving through the second lane and that the vehicle swung toward the curb in order to avoid it.

The assessment of the witnesses' credibility; the questions of whether Patton was negligent in failing to yield the right of way to an auto that was already in the intersection, in driving too fast for traffic conditions or in failing to keep a proper look-out; or whether Liberio was contributorily negligent in failing to obey the stop sign, in not looking to his left or in driving carelessly into the path of approaching vehicles, raised issues which should have been submitted to the jury. All of the evidence when viewed most favorably to Patton, did not so overwhelmingly favor Liberio that a verdict for Patton would have to be set aside. It was error, therefore, for the trial court to direct a verdict in behalf of Liberio on the liability issue.

It is unnecessary to consider the defendant's further contention that the case should be reversed and remanded because of trial errors.

The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.