LARRY PAUL, Plaintiff-Appellant, *v.* JOHN C. CARROLL, Defendant-Appellee.

(No. 57251;

First District (5th Division)—November 30, 1973.

Leroy A. Garr and Sidney Z. Karasik, both of Chicago (Gary E. Dienstag and Stuart N. Litwin, of counsel), for appellant.

Elmer F. Slovacek, of Slovacek and Galliani, of Chicago, for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This is an action for personal injuries incurred by plaintiff while in the course of servicing defendant's stalled automobile. At the close of plaintiff's evidence, the court directed a verdict in favor of defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff appeals.

At the trial, plaintiff testified that he was an auto mechanic working for Robert Bentz. At 8:00 A.M. on the day in question, he was sent out on a service call at Illinois and Clarendon in Arlington Heights, just a few blocks from the station where he worked. He was alone. He drove the service truck and found defendant who was waiting for him outside of his car. He backed the service truck so that the rear of the service truck was three to four feet from the front of defendant's car. The witness was familiar with defendant's make of car, a Cougar, and its console type of gear selector with which the gear selection could be made only from inside the car or from underneath the car. He also said that this model could be started from the engine compartment only with a cable or piece of wire and a screw driver or metal object; he said that he did not have any of this equipment with him at the time. Plaintiff testified further that this model could not be started from inside the car unless the gear selector was in park or neutral, and that if the car would start in any other gear, this meant it had a defective neutral switch. He said he had never worked on this particular car prior to the occurrence and he did not know that it had a defective neutral switch.

Continuing, plaintiff testified that he positioned his service vehicle in front of the defendant's car and attached jumper cables between the vehicles. He asked defendant to try to start the car; it would not start. Plaintiff checked the gas gauge; it indicated empty. Plaintiff poured gas into the tank and then, while he was standing between the car and his truck, he asked defendant to start the car; defendant got in the car and it started and lurched forward instantly, pinning the plaintiff between the two vehicles.

Plaintiff also said that he worked on defendant's car from the front and that it was common practice to do this, to prevent scratching the body of the car with objects attached to the repairman's clothing.

Plaintiff called defendant pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 60); defendant's story was quite different. Defendant said that after plaintiff put gas in the car, plaintiff, while standing in front of the car, laid a metal screw driver across the battery cables which started the car; this caused it to lurch forward and pin the plaintiff. Defendant said that during this time he, himself, was standing outside the car. According to defendant, plaintiff said, "They

told me never to stand in front of a car in school." (Plaintiff had testified that he had never attended any type of school for auto mechanics.) Defendant said he never had any trouble with the car starting in gear and had never been told that the car had a defective neutral switch. Defendant also testified that plaintiff had worked on the car previously at the service station.

Plaintiff called his employer, Robert Bentz. Bentz testified that defendant had been a customer at his service station previously, and that he had worked on the car himself, after which he had told defendant that it had a defective switch. Bentz concurred in plaintiff's explanation of how this model of car could be started. He said further that he talked to defendant after the occurrence in the presence of two other people; at that time, defendant told him that plaintiff had been hit by his car and that defendant was behind the wheel at the time. Bentz said he reminded defendant about the defective switch, and defendant said he had not had time to get it fixed. Bentz also said he, himself, worked on a car from the front very often and that this was common practice.

Plaintiff called two witnesses (those who had supposedly been in Bentz' presence when he reminded defendant of the defective switch) to impeach defendant's section 60 testimony, but the court refused to allow them to testify, on the ground that a party may not impeach his own witness. The court also refused to allow an expert witness to testify for the plaintiff because plaintiff had not included his name in response to an order to furnish defendant with a list of witnesses. Plaintiff had, however, informed defendant that he intended to call an expert witness, without naming him.

■■■ In his initial brief, plaintiff cites the *Pedrick* case and contends that under the circumstances of this case, the rule of *Pedrick* was not followed. (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.) We agree. Taking the evidence in its aspect most favorable to plaintiff, the negligence of defendant was proved. Defendant apparently started the car in gear, or, if not in gear, then the neutral switch was defective, causing the car to lurch forward. It was negligent of the defendant to start the car without making sure that it would not move forward. The more difficult question, however, is whether the plaintiff proved that he was not contributorily negligent. The *Pedrick* rule, being applicable to the acts of either party, for contributory negligence to be found as a matter of law, it must be shown that all the evidence bearing upon the plaintiff's negligence when viewed most favorably towards him so overwhelmingly establishes negligence that no verdict in his favor could ever stand. (See *Morehead v. Mayron*, 3 Ill.App.3d 425, 279 N.E.2d 473.) Applying this test to the evidence in the instant case, we believe

that plaintiff should have been given the benefit of a jury determination on the issue of contributory negligence.

There is no definitive ruling in Illinois that standing in front of a car which one is repairing and asking another person to start the engine is contributory negligence as a matter of law. Plaintiff cites a recent decision, *Carver v. Grossman*, 6 Ill.App.3d 265, 285 N.E.2d 468, in which the plaintiff, who was also an auto serviceman, was held by the court not to have been guilty of contributory negligence as a matter of law. He had just finished greasing defendant's car and was standing in front of the car leannig over the engine with the hood up. The gas station owner (not the plaintiff) told the defendant to check the gas; defendant got in the car and it suddenly lurched forward and pinned the plaintiff. The instant defendant seeks to distinguish this case, pointing out that neither in *Carver* nor in any other case cited by plaintiff does it appear, as it does in this case, that the plaintiff, while standing in front of the car, either himself started it or himself directed that it be started.

However, the plaintiff did introduce evidence that it was common practice to work on a car from the front; he also explained why he was standing in front of the defendant's car. Although his explanations and those of his employer, Bentz, may not be credible to a jury, there remains a conflict in the evidence which warrants a decision of fact by the jury. Although plaintiff might have done his work in a safer manner, the question remains for the jury whether he was exercising reasonable care for his own safety. It should be noted that the plaintiff attempted unsuccessfully to introduce the testimony of two witnesses to impeach the defendant's section 60 testimony. Under the language of section 60 itself, the court's ruling on this point was erroneous.* However, this issue is largely superfluous in view of the fact that even without this testimony, there remains a sufficient conflict in the testimony to require a jury determination on the issue of contributory negligence.

■■ While plaintiff argues in his reply brief that the *Pedrick* rule is not applicable when the court has heard only the plaintiff's evidence, it has been so employed in numerous cases. *E.g., Keen v. Davis*, 38 Ill.2d 280, 230 N.E.2d 859; *Hocking v. Rehnquist*, 44 Ill.2d 196, 254 N.E.2d 515; and *McGrath v. Rohde*, 53 Ill.2d 56, 289 N.E.2d 619.

---

* "§ 60. Examination of adverse party or agent. Upon the trial of any case any party thereto or any person for whose immediate benefit the action is prosecuted or defended, or the officers, directors, managing agents or foreman of any party to the action, may be called and examined as if under cross-examination at the instance of any adverse party. *The party calling for the examination is not concluded thereby but may rebut the testimony thus given by countertestimony and may impeach the witness by proof of prior inconsistent statements.*" (Emphasis added.)

In any event, we consider it error for the court to have directed the verdict as it did in this case. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

DRUCKER, P. J., and SULLIVAN, J., concur.